## WILLIE WEBB v. THE STATE.

No. 11387.   Delivered April 4, 1928.

**Theft—Bills of Exception and Statement of Facts—Filed Too Late—Cannot Be Considered.**

Where bills of exception and statement of facts were filed after the expiration of ninety days from the date of the notice of appeal, same cannot be considered. See Art. 760, C. C. P.; Newsome v. State, 105 Tex. Crim. Rep. 490, and Trig v. State, 105 Tex. Crim. Rep. 578.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense felony theft, punishment two years in the penitentiary.

Motion for new trial was overruled and notice of appeal was given in this cause on July 1, 1927. A statement of facts accompanies the record which bears no file mark. It appears to have been agreed to by counsel for state and appellant and was approved and ordered filed on the 30th day of September, 1927.

Appellant's only bill of exception was filed on the same date. Neither the bill of exception nor statement of facts appears to have been filed within the ninety days required by law and cannot be considered. Art. 760, C. C. P. Newsome v. State, 105 Tex. Crim. Rep. 325; Clark v. State, 105 Tex. Crim. Rep. 490; Trig v. State, 105 Tex. Crim. Rep. 578.

No law question is presented for review. The indictment appears to correctly charge an offense over which the court had jurisdiction and no fundamental error appearing of record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.