SUSIE BYRD v. THE STATE.

No. 12535. Delivered May 8, 1929.
Rehearing denied June 19, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for arson; punishment, two years in the penitentiary.

Appellant's motion for new trial was overruled and notice of appeal given on November 27, 1928, and an order was then made by the trial judge allowing ninety days for the filing of bills of exception and statement of facts. Mathematical computation shows such period to have expired on February 25th, 1929. The bills of exception and statement of facts herein appear to have been filed after that date. They can not be considered. Art. 760 C. C. P.; Webb v. State, 109 Texas Crim. Rep. 410; Bramble v. State, 109 Texas Crim. Rep. 422; Davis v. State, 300 S. W. Rep. 340.

The indictment, the charge of the court, the judgment and sentence appear to be in conformity with law.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In connection with her motion for rehearing appellant presents an affidavit each from the district clerk and the court reporter of the trial court, in an effort to avoid and render harmless the fact that the statement of facts and bills of exceptions were not filed until after the ninety day period granted by the trial court in its order overruling the motion for new trial, had expired. Examining said affidavits, we find in that of the court reporter the statement that he prepared the statement of facts and delivered same to counsel for appellant a week or more before the expiration of the time for filing same would expire; that on the evening of the 24th of February 1929, (the time for filing expiring on February 25th) he went to the office of defense counsel and asked if they wished him to take the "Susie Byrd papers" down to Sulphur Springs where the court was in session and present them to the judge for approval. He further states that the "papers" were delivered to him. He also says the next morning he overlooked these papers and failed to take them with him when he went to Sulphur Springs. He makes the statement that there was some disagreement between the various counsel for appellant as to the date of the expiration of said time for filing. Appellant's counsel makes an affidavit in this connection, stating that he delivered the statement of facts and bills of exception to the court reporter, above mentioned, in time for same to have been filed in the court below within the ninety days from the giving of notice of appeal.

It is no part of the official duty of a court reporter to convey papers and documents from one county of a district to another county in order to get same approved by a district judge and filed within a prescribed time. This court seems to have uniformly held that the fact that officers of the court and other persons who are selected as agents for persons accused of crime, and asked to have papers filed for them and fail to do so, furnishes no sufficient excuse for such failure. Riley v. State, 95 Cr. 539; Riojas v. State, 109 Cr. 311. We observe that the bills of exception appear to be in the same attitude as the statement of facts. We regret that we can not assent to the proposition of appellant that he has shown sufficient excuse for failing to have these documents filed within the time required by law.

The motion for rehearing will be overruled.

*Overruled.*