## Tommie Morris v. The State.

No. 13176.   Delivered March 19, 1930.
Rehearing denied May 14, 1930.
Second rehearing denied May 28, 1930.
Reported in 28 S. W. (2d) 155.

The opinion states the case.

*Sweet & Nabors* of Brownwood, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

504

MORROW, PRESIDING JUDGE.—Unlawfully possessing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

State's counsel objects to the consideration of the statement of facts for the reason that it is not authenticated by the signature of the trial judge. The approval and authentication of a statement of facts by the trial judge are essential. See Rev. Civ. Stat., 1925, Art. 2239; C. C. P., 1925, Art. 760; Burns v. State, 288 S. W. 1087.

The court adjourned on the 3rd day of August, 1929. The motion for new trial was overruled on the 23rd day of July. The bills of exception appear to have been filed on September 28, 1929. The duration of the term of court permitted by law is five weeks. See Rev. Civ. Stat., Art. 199. Under Art. 760, C. C. P., the appellant was entitled, .without any order extending the time, to thirty days after adjournment within which to prepare and file his bills of exception. We find no extension of the time, and as the record is presented, we are constrained to sustain the motion of State's counsel to disregard the bills of exception for the reason that they were not filed within the time required by law.

The indictment begins with the following words: "In the name and by *the* authority of the State of Texas." In Art. 5, Sec. 12 of the Constitution it is said: "All prosecutions shall be carried on in the name and by authority of the State of Texas." The attack on the indictment because it contains the word "the" between the words "by" and "authority" cannot be sustained. The expressions used in the indictment and in the Constitution are equivalent. See Porter v. State, 86 Tex. Cr. R. 23; Saine v. State, 14 Tex. Cr. App. 145; Banks v. State, 107 Tex. Cr. R. 221, see p. 227, and precedents collated.

There are no other matters presented for review.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The term of court began on the 8th of July and closed on the 3rd of August. Sentence was entered on the 23rd of July, and 90 days from that date were allowed within which to file the statement of facts and bills of exception. This order was in an obscure place in the record and was overlooked by the State's Attorney and by this court on the original hearing.

Giving effect to the order, the bills of exception were filed within the 90 days mentioned and are due consideration on their merits.

As to the unauthenticated statement of facts the appellant seeks consideration upon the affidavit of certain facts embraced in his motion for rehearing. From the motion it appears that at the time the statement of facts was signed by counsel for the State and the appellant, the district judge was not in the city of Brownwood. The statement of facts was left with the clerk of the district court to be presented to the trial judge on his return. At a later date counsel for the appellant called at the district clerk's office to assure himself that the approval and authentication of the judge had been attached to the statement of facts and was informed by either the clerk or his deputy that the statement of facts had been signed by the judge and mailed to the clerk of the Court of Criminal Appeals; that counsel had no way of ascertaining whether there had been an oversight and did not learn of it until on March 22, 1930, when the opinion of the Court of Criminal Appeals refusing to consider the statement of facts came to his attention. The clerk states in his affidavit, which is attached to the motion, that according to his recollection the statement of facts, after having been signed by counsel for the State and the appellant, was left with him to be signed by the judge when he returned; "that in some manner unknown to me the statement of facts was mailed without authentication, I probably thinking that it had been signed." In Art. 2245, Revised Civil Statutes, 1925, provision is made for the consideration of a statement of facts when diligence has been used to obtain the approval and signature of the judge thereto and without fault or laches on the part of the appellant and his counsel and the statement of facts is not filed within the time prescribed by law. It has long been the practice of this court to be governed by the same rule as that stated in the statute above mentioned. See George v. State, 25 Tex. Cr. App. 229. In all adjudications, however, both in the civil and in the criminal courts, strict adherence has been held to the requirement that diligence upon the part of the accused or his counsel be exercised and shown and that it affirmatively appear that the delay beyond the statutory requirement was not due to negligence or laches upon the part of the accused or his counsel. See Mansfield v. State, 62 Tex. Cr. R. 631; Hutchins v. State, 33 Tex. Cr. R. 229; Blow & Morris v. Heirs De La Garza, 42 Tex. Rep. 232; Renn, et al. v. Samos, et al. 42 Tex. Rep. 104; Suit v. State, 30 Tex. Cr. App. 319; Hess v. State, 30 Tex. Cr. App. 477; Dyer v.

State, 96 Tex. Cr. R. 301. The approval and authentication of a statement of facts by the trial judge is an imperative requisite for its consideration. C. C. P., Art. 760; Rev. Stat., 1925, Art. 2243.

In the present instance, the statement of facts before this court does not bear any certificate of approval of the trial judge; nor does it appear in any authentic manner. that it was ever presented to the trial judge for approval. According to the averments of the motion, the clerk of the district court was made the agent of the appellant to present the statement of facts to the trial judge for his approval. We gather from the facts presented here that it was never presented to the trial judge but was by some one sent to the Court of Criminal Appeals without the signature of the trial judge or his approval. From the motion filed here, it appears that when inquiry was made of the clerk with reference to the statement of facts, counsel learned that it had already been forwarded to the Court of Criminal Appeals. According to the file mark, the statement reached the Court of Criminal Appeals on October 31, 1929, which was 9 or 10 days after the expiration of the 90 days allowed within which to file the statement of facts in the trial court. On the facts developed by the record, it is manifest that this court has no authority to consider the statement of facts.

Of the first bill of exception disposition was made upon the original hearing.

In the second bill complaint is made of the refusal of the court to continue the case on account of the absence of witnesses. Without knowledge of the testimony that was heard upon the trial, the merits of the bill cannot be appraised.

Bills Nos. 3, 4, 5, 6, 8, 9, 10, and 11 deal with the rulings of the court with reference to the reception of evidence. The absence of the statement of facts renders it impossible for this court to determine that in his rulings the trial court was in error, and in the absence of matters in the record from which error can be ascertained, the presumption of the correctness of the court's ruling must prevail.

No error is shown in Bill No. 7 complaining of the refusal of a special charge in substance that to convict one of the defendants it was not necessary to convict the other, as paragraph 3 of the court's charge embraces such an instruction.

That this court is without discretion to consider the statement of facts is a subject of regret.

The motion for rehearing is overruled.

*Overruled.*

ON REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant seems to have misunderstood our reason for declining to consider the statement of facts. When it was left with the clerk to be presented to the judge for his approval the clerk became appellant's agent and any negligence of the agent would be chargeable to the principal. According to the showing made here no further inquiry about the matter occurred until after the expiration of the ninety days. It is apparent that when inquiry was made the record had been forwarded to this court which was not done until several days after the ninety days had expired. Any inquiry made within the ninety days would have disclosed that the statement of facts had not been approved. Under the circumstances we cannot hold that proper diligence had been exercised, or that the failure to secure the trial judge's approval was not due to negligence chargeable to appellant or his counsel.

The request for leave to file second motion for rehearing is refused.

*Refused.*