### JACK O'BURKE V. THE STATE.

No. 15299.   Delivered March 1, 1933.
Rehearing Denied March 29, 1933.
Reported in 58 S. W. (2d) 111.

The opinion states the case.

*James A. Harrison,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor; punishment being two years in the penitentiary.

Appellant did not testify. The only witnesses introduced by him gave evidence to the effect that appellant had never been convicted of a felony. The evidence for the state shows the

following: Peace officers had reason to suspect that a certain house situated on Fifth street in the city of Port Arthur was a place where intoxicating liquors were either being sold or orders were taken therein for the delivery of intoxicating liquor. Some two weeks prior to the transaction upon which this prosecution rests officers, acting under a search warrant, searched the house in question. They found there appellant and one Pendergrass. No intoxicating liquor was found. The house contained two telephones, a table, some chairs, a lamp, and an ice box. While the search was in progress, the telephone rang. An officer answered, and a voice said, "Bring me five gallons to ———." At this point Pendergrass took the telephone from the officer and said, "I can't do anything for you now, the officers are here." On this same occasion the officers saw near the house a car which they had frequently seen parked at the house on previous occasions. On the night of the transaction under investigation, the officers were again in the vicinity of this same house and saw the same car driven by appellant coming out of an alley at the side of the house. After having turned out the lights on their own car, the officers followed appellant for some distance, but finally lost trace of his car. They circled the block, and discovered parked in an alley near a vacant house on Nederland street the car they had been following. Appellant and his companion were not then in the car. It was searched and no intoxicating liquor was found in it at that time. The officers watched, and soon appellant and his companion passed driving the same car. After chasing the car five or six blocks, it was crowded into a ditch. There was found in the car something like a gallon and a half of intoxicating liquor.

One of the officers testifying regarding the stopping and search of the automobile at that time said that with a flashlight he was able to see that appellant was driving the car with Pendergrass beside him, and in the car were a jug of whisky and another jug half full of gin; that he could see these articles when he threw the light in the car; that they were right under the feet of appellant and Pendergrass in the car, and that one of the parties made the statement to the officer, "You have got us." It was also in evidence that the officers knew appellant as a "whisky runner." As touching the direct search of the automobile at the time the liquor was found, one of the officers testified that he searched it "* * * because I saw the whisky * * * I had information that the car was running whisky * * * because Jack O'Burke was driving it was part of the

reason I stopped it to search it, but I saw the whisky in the car before the car quit rolling. It had not stopped rolling when I saw the whisky."

After finding the liquor in the car, appellant and Pender· grass were taken to jail. The officers returned to the house on Nederland street and found therein a large quantity of whisky and beer.

Several bills of exception are found in the record. None of them may be considered. The court allowed fifty days after notice of appeal in which to file bills. All of them were filed two days after the expiration of the time granted. Appellant seeks to be relieved of this situation, and has presented an affidavit to the effect that the delay in filing the bills was attributable to the mistake of the clerk of the court in calculating the expiration date. It is clear from the affidavit that appellant's counsel was relying upon the clerk to keep him advised upon that point, and that the clerk made a mistake in the matter. This constitutes no valid excuse. Appellant was charged with notice that the court had allowed fifty days. If he relied on the clerk to calculate the expiration date, appellant is in no better position than if he himself had made the error. Under the circumstances, the clerk became the agent of appellant for the purpose mentioned. Morris v. State, 115 Texas Crim. Rep., 503, 28 S. W. (2d) 155; Moreno v. State, 112 Texas Crim. Rep., 598, 17 S. W. (2d) 1062. See, also, volume 4, Texas Jurisprudence, secs. 305-309, and authorities annotated thereunder.

A number of exceptions to the charge were reserved seeking to have the question of probable cause for the search of appellant's car submitted to the jury as an issue of fact, and embracing instructions to acquit appellant in the event the jury found probable cause did not exist. No fact issue was raised as to the existence or nonexistence of probable cause. No fact testified to by the officers bearing upon that matter was controverted. Under such circumstances the question of probable cause was a matter of law to be determined by the court.

It is thought that no question as to the existence of probable cause as a matter of law arises. Because of the presence in the record of the special charges heretofore referred to on that subject, we were at some pains in this opinion to set out the facts at length. It is not necessary to repeat them. They are thought sufficient to bring this case within the rule announced in Carroll v. United States, 267 U. S., 132, 69 L. Ed., 543, 39 A. L. R., 790; Brasselton v. State, 112 Texas Crim. Rep., 615, 18 S. W. (2d) 168; Bullock v. State, 112 Texas Crim. Rep., 313,

16 S. W. (2d) 1077; and McPherson v. State, 111 Texas Crim. Rep., 558, 15 S. W. (2d) 633, in both of which last cited cases many authorities are collated. See, also, Husty v. U. S., 282 U. S., 694, 75 L. Ed., 629.

There is also found in the record a special charge in which the court is requested to instruct the jury "not to consider for any purpose the evidence of the search made of the residence in Port Arthur after the arrest of defendant." It is necessary to deal with this special charge standing alone, in view of what has been heretofore said with regard to the delayed filing of the bills of exception. It will be observed that in the special charge no evidence sought to be withdrawn is pointed out, and, if the special charge should be regarded as a motion to withdraw evidence, it would not be sufficient, as being entirely too general. It would necessitate going to other parts of the record to determine the basis for such special charge. This we are not required to do. We do not discuss the question at length, but refer to Green v. State, 108 Texas Crim. Rep., 664, 2 S. W. (2d) 274, in which the general principles controlling are discussed in some detail.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In Byrd v. State, 113 Texas Crim. Rep., 5, upon authority of many cases cited; also in Webb v. State, 109 Texas Crim. Rep., 311, upon discussion of various cases, also in Walkup v. State, 114 Texas Crim. Rep., 152, and in other cases, we have affirmed the rule that the attorney for the accused can not rely on mere statements or promises of officers of the court, or even of the judge himself, in regard to matters aside from their official duties, such as the computation of time within which bills of exception must be filed, as is here involved. The district clerk is under no duty to compute the time at the request of appellant or his attorney, and inform them how long before the time expires within which bills of exception or statements of facts must be filed. When the accused or his attorney asks some officer of the court to do this for him, he thereby makes such party his agent, and errors in the calculation made by such party can not be complained of by the accused. In Walkup v. State, supra, the attorney claimed to have been misinformed by the trial judge himself.

In Davis v. State, 28 S. W. (2d) 798, cited by appellant in his motion as supporting his right to have his bills considered,

we observe that the failure of the officer in that case was to do a thing which it was his statutory duty to do. Not so here.

The motion for rehearing will be overruled.

*Overruled.*