CLARENCE SMITH V. THE STATE.

No. 20467. Delivered June 21, 1939.
Rehearing Denied November 15, 1939.

The opinion states the case.

*Eugene Sherrod* and *Arthur Tipps,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the unlawful killing of Ernest Holmes, and was assessed a penalty of ninety-nine years in the penitentiary.

The facts show that Ernest Holmes was struck on the head by a blunt instrument sometime during the night of June 5, 1938, while in a garage, supposedly attempting to work on an automobile. The surrounding facts show that he must have been dazed by the blow, which was a severe one, and eventually he died from the wound, which was described by the witnesses as "a hole in his head."

Outside of certain confessions we are not able to find anything in the testimony of a conclusive character that con-

nects this appellant with this crime, unless it be the fact that a short time prior to the time the deceased was injured the appellant evidently saw the deceased drop his pocketbook which contained some money in currency, thus furnishing the motive of robbery for the crime. There were a few further circumstances which were offered for what they might have been worth, showing appellant's activities around a cafe and dance hall across the street from where the deceased was injured, and the fact that appellant went to Burkburnett on the following day, and outside of these confessions there was nothing further in the testimony that would tend to connect the appellant with the commission of this offense.

Appellant's first assignment of error is based upon the proposition that an extrajudicial confession alone is not sufficient to establish the corpus delicti in a trial for a criminal offense. This is a correct doctrine, but we fear appellant's attorneys misinterprets the phrase "corpus delicti." By such is meant the body of the crime, that is, in this present instance, the fact that Ernest Holmes is dead, and that he came to his death by means of unlawful violence administered to him by another. We think the evidence is fairly clear that some one struck Mr. Holmes with a certain hammer, upon which blood and a piece of skin were found, and that Mr. Holmes died from such a blow. We have thus before us an established fact that Mr. Holmes came to his death from such violence, and the corpus delicti is then present. Kugadt v. State, 38 Texas Crim. Rep. 681, 44 S. W. Rep. 989, is the leading case on the above proposition, and it has been consistently followed since Judge Hurt wrote it. The Reporter has epitomized a portion of that opinion in the following language taken from the syllabus of the State Report: "It is essential to a conviction for any degree of culpable homicide, first, that the deceased should be shown to have been killed; and second, this killing should have been proved to have been criminally caused by the act or agency of the defendant (another)."

As above herein stated, the circumstances connecting the appellant with the commission of this crime are rather meager; and in truth, in our opinion, the State was forced to rely almost, if not quite, wholly on the two confessions introduced in evidence.

The appellant complains relative to such confessions, and testified that he was beaten, struck over the head with a blackjack, his finger cut, a pistol snapped in his face, and was threatened with a mob, and that he was kicked in the groin

by certain officers, slapped out of a chair, and threatened and coerced into making the first of these confessions. Two days after having made the first confession he made another confession, in the presence of some of those whom he claimed had previously mistreated him, at which second confession he does not claim any beating, kicking or coercing was resorted to, but does claim to have been told that if he did not make the second confession he would again receive the treatment that he claimed was administered to him at the scene of the first confession, and he claimed that such second confession was made under fear of a further treatment such as he had first received. It was also shown rather conclusively that no whipping, beating nor coercion was present at the time of the making of the second confession. The portion of the court's charge dealing with this testimony is as follows: "The State has introduced in evidence, before you, two statements, one consisting of two pages, and the other consisting of one page, alleged to be confessions of the defendant. In this connection I charge you that confessions of the defendant may be used in evidence against him, if you believe from the evidence beyond a reasonable doubt that the same was freely and voluntarily made, without compulsion or persuasion, and after warning that either of such statements may be used in evidence against him, but not for him, and that it must be a free and voluntary confession. You are charged in this case that unless you believe from the evidence beyond a reasonable doubt that such statements introduced before you was made after he had been warned that he did not have to make any statement about or concerning the offense with which he was charged and that it could be used in evidence upon the trial against him, but not for him, then you will wholly disregard such confession, or either of them, which you find and believe not to have been voluntarily made, and if you find and believe that neither of such confessions was freely and voluntarily made or have a reasonable doubt thereof, you will acquit the defendant."

As shown by bill of exception No. 4 appellant properly and timely requested written instruction as follows:

"I charge you further that if you believe that the first alleged confession was not freely and voluntarily made or was a forced, induced or influenced confession, and that the subsequent confession was made soon thereafter in the presence of or under the domination of the same officer who procured the first alleged confession, then the same influences and the

same force, if any, would not have to be repeated in order to make the subsequent alleged confession an involuntary one."

We are of the opinion that some such a charge as requested in bill of exceptions No. 4 should have been given. It seems that the case of Williams v. State, 123 Texas Crim. Rep. 199, 58 S. W. (2d) 125, is in point, and the cases there cited confirm us in the belief that the trial court's failure to embody in his charge some such a paragraph relating to the second confession, and the operation of the prior claimed treatment on appellant's mind at such time,—as suggested in Williams v. State, supra,—was such a serious error as to demand a reversal hereof. Also see Williams v. State, 225 S. W. Rep. 177; Johnson v. State, 88 S. W. 223, and Hernandez v. State, 8 S. W. (2d) 947.

Other matters complained of in the trial need not be written upon as we do not think they will again occur.

For the court's failure to charge the law as set forth in the special charge, or a charge of like import, this judgment is reversed and the cause remanded.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

On the 21st of June, 1939, an opinion was delivered herein reversing the judgment of conviction and remanding the cause. The reversal was based upon the failure of the court to give a requested instruction relative to the voluntary character of appellant's confession. In his motion for rehearing appellant insists that the indictment herein is fatally defective, and prays that our judgment remanding the cause be set aside and a judgment now be entered reversing the judgment of the trial court and ordering the prosecution dismissed.

Looking to the indictment, we find that it charges the offense in language as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

"THE GRAND JURORS, for the County of Wichita, State aforesaid, duly organized as such at the April Term A. D. 1938, of the 89th District Court for said County, upon their oaths in and to said Court, present that Clarence Smith on or about the 5th day of June A. D. 1938 and anterior to the presentment of this Indictment, in the County of Wichita and State of Texas, did then and there unlawfully and voluntarily with malice aforethought kill Ernest Holmes by stricking him with

a hammer, against the peace and dignity of the State.

"BURTON STAYTON, Foreman
of the Grand Jury."

It is insisted in the motion that the indictment is defective in that in the commencement thereof it uses the word "the" before the word "authority." It is well settled that the insertion of the word "the" between the words "by" and "authority" will not invalidate the indictment. Morris v. State, 28 S. W. (2d) 155.

It is also insisted that the indictment is fatally defective because it refers to the members of the indicting body as the grand jurors, etc., instead of the grand jury. This contention cannot be sustained. Davis v. State, 49 S. W. (2d) 805.

Again appellant urged that the indictment is defective in failing to show the dates of the beginning and adjournment of the term of court at which he was indicted. It is clearly shown by the averments of the indictment that the grand jury was organized at the April term, 1938, of the district court' and that at that term of court said indictment was presented charging the appellant with the offense of murder. We deem the adverments sufficient, and are constrained to overrule appellant's contention.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.