### R. E. WOMACK V. THE STATE.

No. 20926.  Delivered March 13, 1940.
Rehearing Denied April 17, 1940.
Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) May 1, 1940.

The opinion states the case.

*Wiley B. Thomas,* of Groveton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of forgery, and sentenced to a term of five years in the penitentiary.

His motion for a new trial was overruled on October 5, 1939, and his notice of appeal was entered on said date.

There are no bills of exception in the record, and the statement of facts was filed in the lower court on January 12, 1940, ninety-nine days after the giving of the notice of appeal. This filing was too late, under numerous decisions of this court, to allow us to consider the same. See Art. 760, C. C. P.; Williams v. State, 112 S. W. (2d) 184.

The indictment appears to be in proper form, and all proceedings regular thereunder. Without a statement of facts we are unable to appraise the matter complained of in appellant's brief.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing appellant asserts that he was, through no fault on his part, deprived of the filing of a statement of facts within the time prescribed by law. He sets forth in his motion that a day or two before the time allowed by law for filing a statement of facts, he made satisfactory arrangements with the court reporter to deliver to him (appellant) a narrative statement of facts. That the court reporter agreed to take the statement of facts to Huntsville, have the District Attorney and the Judge to approve the same, sign it and he (the court reporter) would file it with the clerk the next day, which was the last day on which it could be filed. That the court reporter did not file it with the clerk until nine days later. That he (appellant) did not know of the delayed filing until this court affirmed the judgment of conviction. We do not think that the excuse set forth in the motion, supported by affidavits, in not having the statement of facts filed in time, is sufficient to relieve appellant from a want of due diligence. When appellant selected the court reporter as his agent to perform such services for him, then appellant is bound by the acts of his agent. The negligence of his agent is chargeable to him under the rule announced by this court in the case of Riley v. State, 95 Tex. Cr. R. 539; Byrd v. State, 113 Tex. Cr. R. 5.

We regret that appellant's statement of facts was not filed in time, but this court can have but one rule and apply it in all instances under the same or similar circumstances.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.