BERNICE MCHENRY V. THE STATE.

No. 21288. Delivered December 4, 1940.

Rehearing Denied February 12, 1941.

The opinion states the case.

*W. T. Barber,* of San Marcos, and *David J. Pickle,* and *Horace H. Shelton,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant, a woman, was convicted of murder with malice in that she killed Emma Jean Blocker, and was sentenced to serve twenty-five years in the penitentiary.

The statement of facts herein appears with the following qualification of the trial judge appended thereto:

"This statement of facts was filed by the attorney for the defendant with the Clerk of the District Court of Hays County, Texas, on June 29, 1940, without ever having been submitted to the District Attorney or to this Court, for approval, and the same was for the first time presented to this Court for approval on this the 27th day of July, 1940. At no time up to this date has the attorney for the defendant ever presented any state-

ment of facts in this cause to me for my approval, nor has any such statement of facts ever been presented by defendant's attorneys to the District Attorney for his approval up to this date. And the above and foregoing statement of the true facts was filed by the defendant's counsel in the District Clerk's office June 29, 1940, without having been presented to the District Attorney or the Court, and this Court having found the above and foregoing statement of facts on file, approves the same on this the 27th day of July, A. D. 1940.

"The above statement of facts was not presented, and no other statement of facts was presented in this cause, to the Court or to the District Attorney for approval within the time allowed by the Court's orders herein, nor within the time allowed by law, and no agreed and approved statement of facts was filed in this cause in this Court within such time allowed by the Court's orders and the law.

"This the 27th day of July, A. D. 1940.

"M. C. Jeffery
"Judge, District Court,
"Hays County, Texas."

The motion for a new trial in this case was overruled on April 6, 1940, and it therefore appears that this statement of facts was approved by the trial court on July 27, 1940, or a total of 112 days after the overruling of the motion for a new trial. It is true that such statement was filed by the district clerk of Hays County at an earlier date and within the prescribed time, but such an act was unauthorized by law, the statement of facts not having been approved by the trial court, and same should not have been thus filed without the court's approval. We will be unable to consider such statement.

It further appears from the record that immediately upon the overruling of appellant's motion for a new trial, notice of appeal was given and entered of record, and 75 days from April 6, 1940, was granted within which to prepare and file statement of facts and bills of exceptions. Upon affidavit made and filed by appellant, the trial court entered its order directing the court reporter to "furnish appellant a complete statement of facts in this case without cost to her," said order being dated May 13, 1940, and said statement was prepared and completed on June 5, 1940. On some date not shown appellant's attorneys made application to the trial court for an extension of ten days relative to the time for filing statement of facts and bills of

exception, which time was by the court granted and the final date for such filing extended ten days after June 20, 1940.

It will be observed that without presenting to, or receiving the approval of, the trial court, the bills of exception were filed with the district clerk on the 29th day of June, 1940, and thereafter handed to the district attorney on July 1, 1940, and by him taken to the town of Bellville, to the judge trying the case, on July 2, 1940, which date was beyond the time prescribed for the approval and filing of such bills. We also note that these bills were not approved and signed by the trial court until July 19, 1940, 20 days after the 85 days allowed had elapsed.

"It was the duty of counsel for the appellant to see to it that a statement of facts and bills of exception are presented to the judge, and to follow them up and see that they are approved and filed in time. x x x Nor can counsel excuse himself by showing negligence in the officers of the court or others whom he has attempted to make his agents to file bills or a statement." 4 Tex. Jur., p. 446, Sec. 309, and authorities there cited.

Under these circumstances we do not think this court would be justified in considering either the statement of facts or the bills of exceptions; all filed too late.

The proceedings considered by us appear to be proper and regular in form, and this judgment is therefore affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Notwithstanding the condition of the record pointed out in the original opinion no showing was made or attempted to be made that the case was brought under any exception which would authorize this court to consider a statement of facts or bills of exception, although filing thereof was delayed.

Counsel for appellant now files his affidavit in connection with a motion for rehearing seeking to bring this case within an exception to the rule relating to the time limit for filing the record.

It appears that when the motion for new trial was overruled on April 6th the court granted seventy-five days in which to file bills of exception and statement of facts. Ten days later, on April 16th, counsel for appellant prepared and filed a request for an order directing the court reporter to prepare a statment

122

of facts. The requested order was not made by the trial judge until May 13, nearly a month after it was filed, but there is no showing made that it was earlier called to the trial judge's attention. Diligence required that this should have been done. See 4 Tex. Jur. p. 413, 414, Section 282 and 283, with cited cases. The statement of facts were certified by the court reporter on June 5th. There is no showing when it was delivered to counsel for appellant. Not until June 17th was the trial judge notified that counsel for appellant thought the statement of facts as prepared by the court reporter was incorrect, and was granted ten days additional, which made the time for filing bills of exception expire on June 30, and the ninety days for filing statement of facts, under the statute (Art. 760. C. C. P., subdivision 5) expired on July 5th. At the time this second extension order was made the trial judge advised counsel for appellant that no changes would be made in the statement of facts as prepared by the reporter unless they were agreed to by the district attorney. Counsel for appellant says in his affidavit: "Either at this time or very soon thereafter, I told the District Attorney (or his assistant) of our objections to the statement of facts but at that time no action was taken towards correcting the same."

There is no showing where the statement of facts or bills of exception were at the time mentioned, but it is not claimed that they had ever been delivered to either the district attorney or the trial judge. On June 29th both the statement of facts and bills of exception were delivered to the clerk of the trial court, and filed by him—which he was unauthorized to do— none of them having been approved by the trial judge. On July 1 counsel for appellant secured the bills from the clerk and took them to Lockhart and delivered them to the district attorney who in turn delivered them to the trial judge, but the statement of facts was left with the clerk. The bills were never placed in the hands of either the district attorney or the trial judge until after the time for filing them had expired. Counsel for appellant told the district attorney at the time the bills of exception were delivered to him at Lockhart that the statement of facts was in the clerk's office at San Marcos and requested him to approve it before July 5th. Although told by the district attorney that he would be compelled to go either to La-Grange or Bellville the next morning on account of court convening there counsel for appellant seems to have made no effort to get the statement of facts into the hands of the district attorney, but let it remain in the clerk's office in San Marcos. Soon after this, just when not being shown, the assistant district attorney made inquiry of the clerk for the statement

of facts. The clerk—presumably believing counsel for appellant had taken the statement of facts at the same time he took the bills of exception—told the assistant district attorney that counsel for appellant had the statement of facts, and upon being so informed counsel for appellant went with the assistant district attorney to the clerk's office where the statement of facts was found.

When it finally was corrected and presented to the trial judge for approval the ninety days had long expired, as shown by the certificate of the trial judge.

There being a contention on the part of counsel for appellant that there was some omission from the statement of facts which was corrected we have been at some pains to investigate the correction sought as the added matter appears in the statement of facts. It relates to an objection interposed by appellant to a witness testifying because it was claimed the witness had violated the rule. The amended statement of facts contains three pages of questions and answers, objections and replies thereto of counsel, and discussions between counsel and the court. It occurs to us that this was no proper part of the statement of facts and furnished no proper reason for a delay in having the statement of facts approved and filed.

During our examination of the record to ascertain the facts claimed to have been omitted from the statement of facts by the court reporter it has been necessary to examine the record, and we are of opinion that even if the statement of facts and bills of exception were in a condition to be considered nothing would be presented calling for a reversal of the judgment.

The motion for rehearing is overruled.