## LEONARD R. BAILEY v. THE STATE.

No. 23341. Delivered May 29, 1946.
Rehearing Denied June 26, 1946.

The opinion states the case.

*R. Lee Davis,* of Orange, and *A. S. Baskett,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of incest, and assessed a penalty of ten years in the penitentiary, and he appeals.

We are early met herein by the fact that the statement of facts and bills of exceptions were filed 92 days after the notice of appeal was entered in the lower court.

There are present affidavits from the appellant's attorney, the trial judge and the district attorney, appellant's attorney contending that he has been denied approval of the statement of facts and bills of exceptions through no fault of his own, and he insists upon our considering the same as though having been filed within the time prescribed by law.

It is shown from the transcript that appellant's motion for a new trial was overruled on October 12, 1945, at which time he gave notice of appeal, and was "granted 90 days from and

after such date to prepare, present and file his bills of exceptions in said cause." It therefore appears therefrom that the last day for filing such bills as well as the statement of facts fell on January 10, 1946.

It is gathered from the affidavits present that the court reporter prepared a transcript of the testimony in question and answer form, and appellant's attorneys themselves undertook to prepare a narrative form thereof. That on January 1, 1946, appellant's attorney presented to the district attorney who prosecuted this case the narrative statement of facts and fifteen bills of exceptions for his examination and approval, at which time the district attorney refused their approval unless he was furnished the question and answer form of the testimony from which evidently the narrative statement had been made. The district attorney's affidavit shows that he returned such papers to appellant's attorney with such request on Sunday evening, January 6, 1946. Appellant's attorney notified the district attorney that he was sending the narrative statement, the bills of exceptions and the question and answer transcript of the testimony prepared by the court reporter to the district attorney, requesting the approval of the statement of facts and bills of exceptions. He was told that the district court of San Augustine County convened on the Monday following, nevertheless the papers would be ready for filing not later than Tuesday, January 8, 1946; that neither the district judge nor district attorney would be present in Jasper on that date, but the completed papers would be left with the district clerk at Jasper, who would deliver same to appellant's attorney. This seemed to be satisfactory to such attorney. The papers were ready on Tuesday, January 8, 1946, and left with such clerk.

Judge Adams' affidavit shows that he received these papers through the mail on Sunday, January 6, 1946, and on Monday, January 7, 1946, before leaving for San Augustine to convene his court there, he placed a telephone call for appellant's attorney; who was not in his office, but he directed such attorney to call him at San Augustine, which was done. From San Augustine the judge informed appellant's attorney that these papers had been handed to the district attorney, and as the time was growing short the attorney had better come to Jasper not later than Wednesday, January 9, 1946, as the judge felt sure all papers would be approved and signed at such time. On the following Tuesday afternoon the judge was informed that the district attorney had signed the statement of facts and approved

the bills, and thereupon the judge signed the same and approved the bills with certain qualifications. Again on January 10, 1946, about 3 o'clock in the afternoon, after ascertaining that appellant's attorney had not called for these papers which were in the office of the district clerk of Jasper County, the judge called appellant's attorney over the phone and informed him that these papers were still in the hands of such district clerk, and inquired why they had not been gotten by such attorney. The attorney then informed the judge that his car was in bad condition and could not be used, and it was too late for him to come to Jasper, a distance of seventy-five miles, to get the papers and have them filed by 12 o'clock that night. Therefore on January 11, 1946, Judge Adams mailed these papers to such attorney at Orange, Texas, and they were filed there on January 12, 1946, two days after the expiration of the 90 days allowed by law and the judge's order.

The affidavit of appellant's attorney shows that on January 1, 1946, he delivered the bills of exceptions above mentioned to Judge Adams and sent the narrative statement of facts to the district attorney at Jasper by the attorney's son, and that the district attorney refused to consider such statement of facts "because they were not drawn up by the court reporter," such narrative statement having been prepared by appellant's attorney, and all papers were returned to the attorney at Orange, Texas. On January 6, 1946, all papers were returned to the district judge at Jasper, Texas, and he was requested to prepare his own statement of facts and file same with the district clerk at Orange, Texas, since the attorneys could not agree thereon. Thereafter, on January 10, 1946, the district judge phoned appellant's attorney that the papers were all signed on January 8, 1946, and were in the office of the district clerk at Jasper, Texas. He was then informed by appellant's attorney that his automobile was out of commission, and the hour being around 3:30 in the afternoon, there was not sufficient time to go to Jasper, about seventy-five miles distant, and return in time to file such papers in Orange, Texas, the bus schedule not admitting of such. On January 12, 1946, appellant's attorney received these papers through the mail and filed the same in Orange, Texas, two days too late.

In an additional affidavit the appellant's attorney lays stress on the fact that the condition of his automobile prohibiting its use was a sufficient excuse, especially when taken in conjunction with the fact that he expected the judge to mail or

send him at Orange, Texas, such papers when properly signed and approved.

We do not think the disabled condition of the attorney's automobile a sufficient excuse for his failure to utilize the hours of January 10th intervening between the 3:30 phone call and midnight of that day, nor his expectancy of the judge forwarding the completed papers to him prior to that date. It is not incumbent on either the judge or the district attorney to file with the clerk an approved statement of facts or bills of exceptions. See 4 Tex. Jur., p. 450, and cases cited.

We are unable to find any diligence in appellant's attorney waiting for 80 days before instituting any efforts relative to a procurement of an approval of these papers, and again a failure to follow this matter up when called by the judge from San Augustine, and again when called by the judge the afternoon of the last day for filing. Surely in the nearly nine hours still left of January 10th he could have gotten these papers, a distance of seventy-five miles, into the hands of the clerk of the district court at Orange, and thus come within his allotted time.

Ninety days was all the law allowed him, and all the trial judge allowed him, and we think a failure to file these papers in time evidences a lack of diligence upon his part.

The State's motion herein to strike the statement of facts and bills of exceptions from the record is sustained.

There being no fundamental error evidenced by the record, the judgment will be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, supplemented by able oral argument, appellant strenuously insists that we erred in striking out and failing to consider the statement of facts and bills of exceptions.

The entire record and all affidavits touching the question have been again examined and analyzed. We remain convinced of the correctness of our original conclusion.

The rule of law governing consideration by this court of

statement of facts and bills of exceptions not filed within the time allowed is stated in 4 Tex. Jur., p. 440, Sec. 306, as follows:

"The appellate court may consider a statement of facts or bills of exception not filed in time when, and only when, the appellant shows that he used due diligence to procure the signature and approval of the judge and to file the same in time, and that his failure to file the papers in time was not due to the fault or laches of himself or his attorney, but was the result of causes beyond his control." Supporting authorities are listed.

We cannot bring ourselves to the conclusion that under the facts, as reflected in the respective affidavits, appellant has brought himself within the rule stated. We are unable to say that the failure to file the statement of facts and bills of exceptions within the time allowed "was the result of causes beyond his control."

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.