### RAY HENSON V. THE STATE.

No. 23618. Delivered March 26, 1947.
Rehearing Denied April 16, 1947.
Request for Leave to File Second Motion for Rehearing
Denied April 23, 1947.

*Leland M. Johnson* and *Burt Barr*, both of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The State's Attorney has filed a brief herein which we think property discusses and disposes of the questions presented in this appeal, and we adopt the same as follows:

"Appellant was convicted in the District Court of Wood County, Texas, of the offense of burglary, and his punishment assessed at two years in the penitentiary.

"His motion for new trial was overruled and notice of appeal given on the 18th day of October, 1946. No order was ever entered by the court extending the time in which to file bills of exception. Thereafter, on November 26, appellant filed several bills of exception, which was eight days after the expiration of the thirty-day statutory period in which to file said bills. No statement of facts is brought forward and said bills, therefore, could not be properly appraised if they had been timely filed. In view of the late filing of same, however, the State re-

spectfully suggests that same should not be considered. Art. 760, C. C. P., and many authorities cited thereunder.

"However, we find in the transcript an affidavit by Bert Barr, one of the attorneys for appellant, wherein he attempts to excuse or justify the late filing of said bills upon the ground that he sent said bills of exception to the clerk of the District Court of Wood County, Texas, and that same were received by said clerk on the 13th of November, 1946, four days before the expiration date for filing said bills, and that he requested the clerk to secure the signature of the District Judge and file said bills. The clerk of said court files an affidavit certifying that he did receive the bills on said date of November 13, 1946.

"We believe that under the affidavits as brought forward that the appellant has wholly failed to show that he used due diligence in an effort to timely file said bills and that therefore same should not be considered. Mr. Branch, in his Annotated Penal Code, page 140, section 219, states: 'If bills of exception are presented to the judge within the time required, and are not filed in time, they will not be considered if defendant was wanting in diligence in not following them up, and seeing that they were approved and filed in time)' citing numerous authorities. See also Clampitt v. State, 96 Tex. Cr .R. 148, 256 S. W. 272."

In accord with the above reasoning, we find no error shown herein, and the judgment is therefore affirmed.

Presiding Judge Hawkins absent.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

On a former day of this term of court, we affirmed the judgment of the trial court for two reasons. First, because there was no statement of the facts in the record, and Second, because the bills of exceptions were not filed within the time prescribed by law.

Appellant has now caused to be forwarded to this Court a statement of the facts accompanied by an affidavit of the clerk of the District Court to the effect that the statement of facts was actually filed by him within due time which he asserts he forwarded together with the transcript to this Court. The transcript was received, but the statement of facts was not. Just why it was not also received remains a mystery. However, we have

reviewed and considered the same, and are of the opinion that the evidence is sufficient to sustain the conviction.

There are seven bills of exceptions in the record which cannot be considered by us since the same were not filed within the time prescribed by law. Appellant undertakes to relieve himself of negligence in failing to file the bills in due time by the affidavits of his attorneys and the clerk of the District Court which are attached to his motion for rehearing.

The affidavits are to the effect that on the 14th day of November, 1946, he forwarded the bills of exceptions to the clerk of the District Court with the request that he, the clerk, present them to the judge for approval and when so approved, to file same. The clerk failed to notify appellant or his attorneys that the judge was not at Gilmer on the 16th day of November as expected. Consequently, the bills were not approved and filed until the judge returned to Gilmer which was some time after the time in which they could be filed under Art. 760, C. C. P. Appellant now contends that he shou'd not be charged with the negligence of the clerk. With this we cannot agree. He made the clerk his agent requesting that he perform certain services for him within a certain time. This the clerk failed to do. Therefore, he is chargeable with the negligence of his agent. See Byrd v. State, 113 Tex. Cr. R. 5, Womack v. State, 139 S. W. (2d) 93, McHenry v. State, 141 Tex. Cr. R. 118, Bailey v. State, 195 S. W. (2d) 361.

No reversible error appearing in the record, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant has filed a request for leave to file second motion for rehearing asserting that his attorney could not legally be charged with the court clerk's negligence in securing approval of his bills of exception within the time required. Appellant has evidently overlooked the holding contrary to his position in Morris v. State, 115 Tex. Cr. R. 503, 28 S. W. (2d) 155 and O'Burke v. State, 123 Tex. Cr. R. 318, 58 S. W. (2d) 111.

Request for leave to file second motion for rehearing is denied.