HARLAN LINDSEY V. STATE.

No. 24649. February 15, 1950.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) March 22, 1950.

*Mat Davis,* Gilmer, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful possession of whisky for the purpose of sale in a dry area; the punishment, a fine of $100.

The amount of whisky alleged to have been possessed was a half-pint. The prima facie evidence rule (Art. 666-23a, Sec. (2), Vernon's P. C.) did not apply. Therefore, in order to convict, it was incumbent upon the state, without the aid of the prima facie evidence rule, to introduce evidence showing that the one-half pint of whisky was possessed by appellant for the purpose of sale. To meet this burden the state relies upon the following facts:

About eight o'clock at night, Bland, City Marshal of Gilmer, and Fink, an employee of the city, were seated in an automobile some twenty-five or thirty feet from Tanzy Lindsey's taxicab stand. The witness Manns was seen to walk up to the stand, and appellant, who was in the stand, came out. A conversation ensued between them, after which appellant went to his automobile nearby and took out a half-pint bottle of whisky, which he handed to Manns. He (Manns) then gave appellant "some money and put the whisky in his inside coat pocket." The city

marshal testified, "I then threw my flash light on them." Manns then gave the whisky back to appellant and appellant returned the money, after which he dropped the whisky to the ground and kicked it under his automobile. The officers immediately recovered the whisky and delivered it into the custody of the sheriff.

Manns testified as a witness for appellant. He explained that he was present on the occasion mentioned in order to get a taxi-cab to "take me where I could get some whisky." He denied that he had ever purchased any whisky at the taxi stand or that he, on that occasion, had seen any whisky. The appellant did not testify.

If appellant sold, or offered to sell, the whisky to Manns, he possessed it for the purpose of sale, and the state's case is sufficient. On the other hand, unless the transaction occurring between appellant and Manns constituted a sale or offer of sale of the whisky, the state's case fails.

Appellant lays much stress upon the proposition that Manns' denial of a sale of the whisky to him or of any transaction with the appellant is conclusive, because a sale is not consummated without a purchase. Such would be true, unless Manns' testimony was contradicted by other testimony showing a sale of the whisky.

While it is true that the state's witnesses were at least twenty-five feet away from the transaction and heard none of the conservation between Manns and appellant, they testified that they saw appellant go to his car, get out a half-pint bottle of whisky and hand it to Manns; that Manns gave appellant some money consisting, one of the witnesses said, of two or three bills; and that all this transpired before the whisky had been actually recovered from under the car.

In addition to this testimony, the acts and conduct of Manns and appellant in re-exchanging the money and whisky and attempting to hide the whisky are circumstances imputing guilty knowledge.

The conclusion is expressed that this testimony was sufficient to warrant the jury in concluding that appellant possessed the half-pint bottle of whisky for the purpose of sale. The credibility of the witnesses and the weight to be given to their testimony is, exclusively, the province of the jury.

The bills of exception appearing have not been filed within the time required by law, which fact is conceded by appellant's counsel.

Appellant's counsel has filed an affidavit attesting certain facts which he contends show that the failure to file the bills of exception on time was attributable to the trial court and not to any laches or negligence on his part. A controverting affidavit of the county clerk has also been filed, as well as the controverting certificate of the trial judge.

It is regrettable that controversies of this nature arise between counsel and the trial court. However, without determining the disputed questions between them, we have reached the conclusion that the facts stated in the affidavit of appellant's counsel do not furnish a sufficient excuse for not filing the bills of exception within the time required. It is apparent from such affidavit that counsel was relying upon the trial judge to file the bills of exception for him.

It was not the duty of the trial court to file the bills of exception. That duty rested with the appellant and his counsel. Counsel may not excuse himself for failure to file his bills of exception within the time required by showing negligence of officers of the trial court or others whom counsel had attempted to make his agents to file the bills. McHenry v. State, 141 Tex. Cr. R. 118, 147 S. W. 2d 488; Henson v. State, 150 Tex. Cr. R. 340, 201 S. W. 2d 56.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.