J. C. EARP V. STATE.

No. 25206. March 14, 1951.
Rehearing Denied (Without Written Opinion)
May 16, 1951.

Hon. Ned Price, Judge Presiding.

*J. O. Duncan,* Gilmer, for appellant.

*R. S. Burruss,* County Attorney, Tyler, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for the sale of whiskey in a dry area, and his punishment assessed by the jury at 90 days in jail and a fine of $500.

Motion for new trial was overruled on September 18, 1950,

and the 90 days allowed thereafter for filing the statement of facts and bills of exception expired on December 18, 1950.

The statement of facts and the lone bill of exceptions appearing in the record show to have been filed on December 21, 1950, and therefore after the expiration of the time allowed by law and by the court's order.

Appellant, by affidavit of his counsel, contends that the statement of facts was delivered to the trial judge on December 6, 1950, and that through no fault of appellant or his counsel the filing was delayed beyond the time provided therefor. He contends that it is within the discretion of this court, under such facts, to reverse the case on the theory that appellant has been deprived of a statement of facts without fault or negligence on his part.

If we should agree with appellant's contention that the delay in filing the statement of facts and bill of exception was not due to fault or laches of himself or his attorney, but was the result of causes beyond his control, this court would be authorized to consider the statement of facts as though filed in time. See Bailey v. State, 149 Tex. Cr. R. 429, 195 S.W. 2d 361.

The bill of exception is directed to a remark of the county attorney in his closing argument and is insufficient in that it fails to show that the argument, if in fact erroneous, was not made in reply to argument of appellant's counsel.

There are no objections or exceptions to the court's charge, and the requested charges were properly refused.

The evidence shows the sale of whiskey to the complaining witness in the county shown by the proof to be dry.

If the statement of facts and bill of exception are entitled to consideration, they show no error and the judgment must be affirmed. If not considered, the same result must follow. In neither case would we be justified in reversing the judgment upon the theory advanced by appellant.

Opinion approved by the court.