## J. W. Teague v. State.

No. 25,938. October 22, 1952.
Rehearing Denied December 10, 1952.

*Blanchard & Shaver,* by *H. J. Blanchard,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of four years in the penitentiary upon his conviction for murder without malice.

The appeal was originally filed in this court on June 5, 1952. We find a supplemental transcript filed on September 18, 1952, and another filed October 4th, 1952. From these it develops that notice of appeal was given on May 2, 1952, and 109 days thereafter the statement of facts and bills of exception were filed with the clerk of the district court. This was 19 days after the time had expired for their filing. The statement of facts and bills of exception cannot be considered and nothing is presented in the transcript for our consideration.

The judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant urges several grounds as to why the statement of facts should be considered notwithstanding the late filing. Among these are that appellant's counsel forwarded the statement of facts to the district clerk, with a request that the approval signature of the judge and the state's counsel be obtained; that when the clerk received the statement of facts, a file mark was placed thereon which was well within the ninety-day period required for filing it. The clerk made no effort, however, to secure the approval signatures, as requested, deeming such not to be within the performance of official duties of the office of district clerk.

The statement of facts was not approved by the district judge or state's counsel until long after the expiration of the ninety-day period allowed for filing of statement of facts, at which time it was again filed by the clerk.

Until the statement of facts had been approved by the trial court or counsel for both the state and the appellant, it was not subject to be filed, and the first filing was therefore not effective.

Counsel for an appellant is bound to see that the statement of facts is properly approved and to follow it up to see that it is filed as required by law. When this duty is delegated to others, counsel and appellant are bound by any negligence or laches of such agents. Morris v. State, 115 Tex. Cr. R. 503, 28 S. W. 2d 155; McHenry v. State, 141 Tex. Cr. R. 118, 147 S. W. 2d 448.

We are unable to agree that this record warrants the consideration of the statement of facts not filed within the time allowed by law.

The motion for rehearing is overruled.

Opinion approved by the court.