## WHITLEY v. STATE.

### No. 25182.

Court of Criminal Appeals of Texas.
March 7, 1951.

Rehearing Denied May 2, 1951.

Francis C. Richter, Hondo, for appellant.

George P. Blackburn, State's Atty., of Austin, ·for the State.

WOODLEY, Commissioner.

The conviction is for cattle theft, with punishment assessed by a jury at two years in the penitentiary.

The record contains no bills of exception and no statement of facts.

The proceedings as shown by the transcript appear to be regular.

The judgment is therefore affirmed.

Opinion approved by· the court.

On Appellant's Motion for Rehearing.

BEAUCHAMP, Judge.

In his motion for rehearing appellant sets up a claim that he was deprived of a statement of facts and bills of exception without any fault of his own. Attached to this application is his "Exhibit A" consisting of an affidavit of the court reporter. This affidavit fails to show any diligence on the part of the appellant to secure a statement of facts. As drawn it states that he received an order for them, but does not give the time in which he received it; that at such time he had other orders for criminal and civil cases. His affidavit does not show, however, that they were cases tried in the court from which

appellant's case comes. Even if they had been, the law places in this court no discretion to receive a statement of facts filed beyond the time allowed by law.

█ We are, therefore, relegated to a question of whether or not appellant exercised due diligence to secure a statement of facts. His "Exhibit B" is a statement by the trial judge. This states no ground in aid of the question of diligence. Other affidavits from the judge and court reporter, as to the efforts made by appellant to secure his statement of facts within the time provided by law, have been presented and it is made to clearly appear that appellant did not use due diligence.

For the reason stated the appellant's motion for rehearing is overruled.