T. A. CARNAHAN ALIAS FRANKLIN MARSTON v. THE STATE.

Nos. 11627 and 11628. Delivered October 3, 1928.

The opinion states the case.

*Cofer & Cofer* of Austin, for appellant. On insufficiency of the indictment, appellant cites: Queen v. Martin, 49 S. J. c. c. r. 11–1 Crim. S. Mag. 266; Dunn's Case, 1 Leach C. S. 57, 2 East P. C. 962.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is forgery; punishment fixed at confinement in the penitentiary for a period of five years.

The indictment contains the following:

"That T. A. Carnahan, alias Franklin Marston, * * * did then and there without lawful authority, and with intent to injure and defraud, wilfully and fraudulently make a certain false instrument in writing purporting to be the act of another, to-wit: purporting to be the act of Franklin Marston, which said false instrument in writing is to the tenor as follows, to-wit: Austin, Texas, June 10, 1927. No. 119. Republic Bank & Trust Company of Austin. Pay to Hicks Rubber Co., or bearer $20.75. Twenty & 75/100 Dollars. Franklin Marston, 308½ West 16th St."

The sufficiency of the indictment is attacked upon the ground that it is made apparent from the averments thereof that the appellant went by the name of both T. A. Carnahan and Franklin Marston,

and that the instrument described was signed with one of these names; that it therefore appears from the averments of the indictment that the alleged instrument did not purport to be the act of another but purported to be the act of the appellant. One may be convicted of forgery by using the name of a fictitious person. See Cobb v. State, 286 S. W. Rep. 1086. It need not be averred in the indictment that the forgery is of the name of a fictitious person. See Johnson v. State, 35 Tex. Crim. Rep. 271. Where the alleged forged instrument purports to bear the true signature of the accused, an offense is not charged in the absence of an explanatory averment making plain the fact that while the signature appears to be that of the appellant, it is in fact an imitation of that of another person. It is well said in the brief:

"A party cannot be guilty of forgery by signing his own name to an instrument unless the instrument purports to be the act of some other person of the same name."

If the fictitious name is one which the accused is in the habit of using and one by which he is known and does business, a conviction cannot be sustained. In Wharton's Crim. Law, pp. 1091–2, Sec. 865, it is said:

" * * * Nor is it forgery when the offense is not the assumption of the name of a supposed third person, but the adopting of an alias or alternative name by the party charged."

"Alias" is another name. See Webster's New International Dictionary, p. 55.

On the face of the indictment it does not appear that the instrument signed Franklin Marston was the act of another person, but it does appear that Franklin Marston was one of the names by which the appellant was known. From what has been said it follows that the indictment is insufficient to support the conviction, and the judgment must be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*