## PERRY WARE v. THE STATE.

No. 16112.   Delivered November 15, 1933.
Reported in 65 S. W. (2d) 310.

The opinion states the case.

*D. I. Durham, Cliff Tupper,* and *Clyde Vinson,* all of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for forgery; punishment, two years in the penitentiary.

It was charged in the indictment that appellant without lawful authority and with intent to injure and defraud wilfully and fraudulently signed the name of Perry Scott, a fictitious person, to a check. An employee of a store in San Angelo testified,—and her testimony is in nowise disputed,—that appellant came into said store, told her that his name was Perry Scott; that old man Jim Scott "out here is my father"; signed Perry Scott to a check on a bank in Ballinger in which no person by the name of Perry Scott had an account or had had.

On the trial the state introduced Mrs. Brown, a former wife of appellant, and Helen Roberts, daughter of Mrs. Brown, who testified that appellant had written to Mrs. Brown, then Mrs. Ware, and signed the letters "Perry Scott" and that sometimes he went under the name of Perry Scott, though there is nothing in the testimony of either witness to indicate that he was called Perry Scott by other than the members of the family, or that he had any kind of business relations under such name. Appellant introduced a witness who testified that he had known Perry Ware for twenty-five years, and that he had heard people call him Perry Scott, though he did not undertake to testify that appellant had ever engaged in business or had ever been commonly called Perry Scott as a name other than part of his real name. Appellant's former wife, Mrs. Brown, testified that appellant told her that his name was Perry Scott Ware; that he was the son of Scott Ware. The only defense witness introduced, referred to above, also testified that appellant was the son of Scott Ware.

In our opinion the fact that persons more or less familiar with the accused, hail or call him by a part or all of his given name, or that he has written letters to his wife, relatives and friends and signed same by all or a part of his given name,— would in no sense prevent such signature, when appended to a check in a commercial transaction, from being in fact and in law that of a fictitious person. Appellant told the employee in the store above referred to that his name was Perry Scott, and that he was the son of old man Jim Scott. In truth and in fact appellant's name was not Perry Scott, and he was not a son of Jim Scott. Nor,—as far as this record is concerned, had he ever been engaged in any business or been known in any commercial transaction whatever or been commonly called Perry Scott by persons who were not familiar with him or who

thought or believed that his name was in fact not Perry Ware but Perry Scott.

It appears to this court as an exceedingly dangerous proposition that because John Smith is known to a few of his acquaintances by the familiar name of John and that they call him John, and that he is known as John, this would give him any right to claim that the name John was a separate appellation and that it should be regarded as a separate name in law, and especially in the law of forgery. Our statute denounces as forgery the act of making a false instrument in writing purporting to be the act of another, with intent to injure or defraud, in such manner as that the false instrument so made, if true, would have created, increased, diminished or effected a pecuniary obligation. It is a common practice in this country to give persons two proper or given names which are ordinarily affixed in whole or by initials to the surname in order to constitute the persons' name. It is well known that many people thus named are commonly called by their families, friends and acquaintances by one or more of the proper names referred to without mention of the surname.

We do not think the case of Carahan v. State, 9 S. W. (2d) 1034, authority for holding that because some people call appellant by part of his given name, to-wit: Perry Scott, that this would authorize him to sign the name Perry Scott to an instrument in writing purporting to be the act of Perry Scott, having at said time an intent to defraud, and escape the penalty of forgery for so doing.

We have examined each of the bills of exception complaining of the refusal of the court to give special charges involving in different ways the principle we have just been discussing. We do not think any of said bills present error. Appellant did not testify, nor in any way controvert the proposition that he represented to the young woman in question that his name was Perry Scott, and that he was the son of old man Jim Scott, at the time he signed the check and got the money thereon.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*