INEZ FAY FLEMING V. STATE

No. 27,621. May 18, 1955

*Dick Young* and *Russell F. Wolters,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for aggravated assault; the punishment, ninety days in jail and a fine of $50.

The record is before us without a statement of facts.

Appellant contends that he has been deprived of a statement of facts without any fault or negligence on his part.

In support of such contention, the joint affidavit of appellant and his attorney has been filed in this cause which states that they used due diligence to obtain a statement of facts in that they paid the court reporter for the same with the understanding that he would furnish a statement of facts within a reasonable time before the expiration of the time allowed for filing of same with the clerk of the trial court, which the reporter failed to do. The receipt of payment, by the court reporter, for a statement of facts was shown.

It is incumbent upon the appellant to obtain the statement of facts, to have the same properly approved, and to follow it up

to see that it is filed as required by law. Upon the reporter's failure to furnish the statement of facts, it was appellant's duty to resort to proper legal process to compel him to do so, and the failure to take such action or make any effort to invoke the aid of the court, shows lack of diligence precluding relief. The record fails to show the exercise of diligence in that appellant did not resort to any means to secure the statement of facts other than above mentioned. 4 Texas Jur. 446, Sec. 308; 4 Texas Jur. 455, Sec. 314; McHenry v. State, 141 Texas Cr. R. 118, 147 S.W. 2d 488; Teague v. State, 158 Texas Cr. R. 83, 253 S.W. 2d 276.

By Bill of Exception No. 1, appellant contends that the trial court erred in refusing to permit him to prove, on cross-examination of the state's witness Thomas, the alleged assaulted party, that she had been charged with felony theft for the purpose of attacking her credibility as a witness.

The use of accusations against a witness for impeachment purposes which have not resulted in a final conviction is expressly prohibited by Art. 732a, Vernon's Ann. C.C.P.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.