ROBERT ANDREWS V. STATE

No. 27,909. January 4, 1956.

Appellant's Motion for Rehearing Denied (Without Written Opinion) February 15,, 1956.

*John W. McDonald,* Temple, for appellant.

*Raymond Thornton,* District Attorney, Belton, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary with intent to commit the crime of rape; the punishment, six years.

The statement of facts was filed more than 90 days after the notice of appeal was given. Appellant asks that we consider the statement of facts, even though filed too late, and attached to his motion an affidavit of the court reporter from which we quote the pertinent portion, as follows:

"Counsel for the defendant has duly made application for Statement of Facts in said case and has paid for said record but I am unable to complete the same and furnish it to him within the time required by law because of the press of other duties in said District Court of Bell County, Texas."

Recently, in Whitley v. State, 238 S. W. 2d 774, we were confronted with a similar situation. We there held that an affidavit such as the one before us here did not show diligence because it did not show when the appellant's attorney gave the reporter the order for the preparation of the statement of facts.

In Hart v. State, 86 Tex. Cr. Rep. 653, 218 S. W. 1054, we held that the failure of the appellant to apply to the court for mandamus in time to compel the reporter to complete the statement of facts was evidence of his lack of diligence and that this court would not consider a statement of facts which was filed too late unless there was some affirmative showing of diligence on the part of appellant or his counsel.

The bill of exception found in the record and contentions asserted in appellant's brief cannot be appraised in the absence of a statement of facts.

The proceeding appearing regular, the judgment of the trial court is affirmed.