## LEWIS M. HAGLER V. STATE

No. 27,931. March 21, 1956.
Appellant's Motion for Rehearing Overruled March 21, 1956.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) April 18, 1956.

*William F. Grimes,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder with malice; the punishment, ten years in the penitentiary.

Notice of appeal was given and entered immediately after the pronouncement of sentence in this cause on June 27, 1955. The statement of facts was filed in the trial court on November 21, 1955, which was after the expiration of the ninety days allowed by law in which to prepare and file a statement of facts and bills of exception after the date of giving notice of appeal. Arts. 759a and 760d, Sec. 4, Vernon's Ann. C.C.P.

Appellant contends that he has been deprived of a statement of facts without any fault or negligence on his part.

This contention is supported by the affidavit of appellant's attorney filed in this cause which states that he was first employed about August 15, 1955, and then requested the court reporter for an estimate of the cost of the statement of facts which he then refused to make because he was on vacation, and that after the vacation he was informed that the cost would be $250. The payment was delayed because the reporter demanded payment in cash before he began, which was later paid on September 23, 1955, at which time the reporter said it would take 25 or 30 days to prepare the statement of facts which actually took him 53 days to complete.

In Fleming v. State, 161 Tex. Cr. R. 519, 279 S.W. 2d 340, we said:

"It is incumbent upon the appellant to obtain the statement of facts, to have the same properly approved, and to follow it up to see that it is filed as required by law. Upon the reporter's failure to furnish the statement of facts, it was appellant's duty to resort to proper legal process to compel him to do so, and the failure to take such action or make any effort to invoke the aid of the court, shows lack of diligence precluding relief. The record fails to show the exercise of diligence in that appellant did not resort to any means to secure the statement of facts other than above mentioned. 4 Tex. Jur. 446, Sec. 308; 4 Tex. Jur. 455, Sec. 314; McHenry v. State, 141 Tex. Cr. R. 118, 147 S.W. 2d 488; Teague v. State, 158 Tex. Cr. R. 83, 253 S.W. 2d 276."

See also Hart v. State, 86 Tex. Cr. R. 653, 218 S.W. 1054, Whitley v. State, 238 S.W. 2d 774, and Andrews v. State, No. 27,909, 162 Tex. Cr. Rep. 481.

The facts in the instant case show a lack of diligence on the part of the appellant to obtain a statement of facts.

The record does not contain any bills of exception.

The indictment, as well as all matters of procedure, appear regular, therefore, nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing, appellant insists that his counsel could not be charged with lack of diligence in failing to invoke the aid of the court to require the court reporter to prepare the statement of facts because the court was on vacation on August 15, when the first application was made, and did not return from vacation until September 16.

A review of the record shows that the case was called for trial on June 16, 1955, and verdict was returned on June 17, 1955. Sentence was pronounced and notice of appeal given on June 27, 1955. It was not until the middle of August that counsel who attempted to secure the statement of facts was employed.

The appellant's delay of forty-nine days from the time he gave notice of appeal to employ counsel to perfect the appeal does not show an exercise of diligence on his part to obtain the statement of facts in time to file the same within the 90 days allowed by Article 759(a), V.A.C.C.P. Appellant's failure to use diligence to secure the statement of facts prior to August 15 might well account for the fact that it was not filed within the time provided by this statute.

Under the record, we remain convinced that diligence on the part of appellant to obtain and file the statement of facts within the time allowed by law is not shown.

The motion for rehearing is overruled.

Opinion approved by the Court.