ELMER J. DUNLAP V. STATE

No. 31,442. February 10, 1960
Motion for Rehearing Overruled March 23, 1960

MORRISON, Presiding Judge, dissented.

*Jack Garey,* Austin, (On Appeal Only) for appellant.

*Les Procter,* District Attorney, *David S. McAngus,* Assistant District Attorney, and *Leon Douglas,* State's Attorney, all of Austin, for the state.

WOODLEY, Judge

The offense is forgery; the punishment, enhanced under Art. 63 P.C., life.

The indictment alleged that Elmer J. Dunlap, with intent to injure and defraud, made a false instrument in writing purporting to be the act of another. The instrument set out according to its tenor reads:

"THE AUSTIN NATIONAL BANK          NO.____

AUSTIN, TEXAS   Dec. 15   1958

PAY TO THE
ORDER OF         North Lamar Humble          $20$\frac{88}{}$

Twenty and 88/100                    DOLLARS

Elmer Brooks
413 Hackberry Lane

To sustain these allegations it was necessary that the state prove beyond a reasonable doubt, not only that the check was made with intent to injure and defraud, but that it purported to be the act of Elmer Brooks, another and different person than the person who signed it, or of a fictitious Elmer Brooks.

The giving of a check in the sum of $20.88 with intent to defraud is a misdemeanor, the punishment for which could not be enhanced to a life term in the penitentiary because of two previous felony convictions.

The check was given in payment of a bill for groceries and gas, the account having been opened 11 days previously by appellant who gave his name as Elmer Brooks, and his address as 413 Hackberry Lane. Appellant signed the check, which the storekeeper made out, and wrote the address below the signature in her presence. The undisputed evidence shows that he resided at this address when he opened the account and made purchases at the store, and when he signed the check.

413 Hackberry Lane, where appellant resided, was the home of Fay Brooks and his wife Hazel. No other person resided or had resided there who was named or referred to as Elmer Brooks.

One may be guilty of forgery by signing his own name or a name he has adopted as an alias, but only where the instrument purports to be the act of another. Carnaham v. State, 110 Tex. Cr. R. 550, 9 S.W. 2d 1034.

An instrument signed in an assumed name and passed by the person signing it as his own act is not forgery in that it does not purport to be the act of another.

For an illustration of how the signing of a name by which the defendant was sometimes called may sustain a conviction for forgery see Ware v. State, 124 Cr. R. 639, 65 S. W. 2d 310. There the false representation was made by appellant that his name was Perry Scott (the name signed to the check) and that he was the son of "old man Jim Scott", when in fact his name was Perry Scott Ware and he was the son of Scott Ware. This was held sufficient to show that the instrument purported to be the act of a person real or fictitious named Perry Scott other than the defendant.

The evidence is insufficient to sustain a finding that the check purported to be the act of an Elmer Brooks other than appellant.

The judgment is reversed and the cause remanded.

MORRISON, Presiding Judge (dissenting).

Appellant's name was Elmer Dunlap. He had twice been to the penitentiary under that name and was working at a store under that name at about the time he gave the check in question. Immediately after giving the check, he fled the state. When he gave the check in question he purported to be the male member of the family of "Brooks" who resided at 413 Hackberry Lane and who were known only by their last name to the new owner of the store where the check was cashed. This he was not.

I respectfully dissent.