## MARCUS NEIL SALTER V. STATE

No. 33,873.   November 15, 1961
Motion for Rehearing Overruled December 13, 1961

*Louis A. Caso,* Galveston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 4 years.

The transcript contains no bills of exception.

The statement of facts forwarded to this Court does not bear the approval of counsel for the state or the appellant or his counsel, and has not been approved by the court, hence cannot be considered.   Art. 759a, Sec. 1 E, V.A.C.C.P.; Baird v. State, 162 Tex. Cr. R. 589, 288 S.W. 2d 67.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In affirming the judgment of conviction on original submission we did not consider the statement of facts because it did

not bear the approval of counsel for the State or the appellant or his counsel and had not been approved by the court.

Appellant, in his motion for rehearing, requests us to reconsider our opinion upon the basis of certain statements in a letter addressed to this court, by the clerk of the trial court, in which he accepts "partial responsibility" for the statement of facts being transmitted to this court without having been approved, as required by Sec. 1 E of Art. 759a, V.A.C.C.P.

It is the duty of counsel for an appellant, to see that a statement of facts not agreed to by counsel for the state and the appellant or his counsel, as provided in said Art. 759a, Sec. 1 E, supra, is presented to the trial judge and to follow it up and see that it is approved and filed in time. When such duty is delegated to others, both the attorney and the appellant are bound by any negligence or laches of their agents. 4 Tex. Jur., par. 309, page 446; Teague vs. State, 158 Tex. Cr. R. 83, 253 S.W. 2d 276. An appellant is also charged with the same duty. Fleming vs. State, 161 Tex. Cr. R. 519, 279 S.W. 2d 340. The duty prescribed is not shown to have been discharged by appellant or his counsel in the present case.

The motion for rehearing is overruled.

Opinion approved by the Court.