Robert Thomas SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 36663.

Court of Criminal Appeals of Texas.

March 11, 1964.

Rehearing Granted May 27, 1964.

given in open court on the same date. The statement of facts included in the record was filed in the trial court on February 3, 1964, and thus was not filed within 90 days from the date notice of appeal was given as is required by Sec. 4, Art. 759a, Vernon's Ann.C.C.P. Further, the statement of facts, while approved by the attorneys for the State and the defendant personally, was not approved by the trial judge. The transcript contains no request for an extension of the time for filing nor an order extending same.

As stated in Mobley v. State, Tex.Cr. App., 365 S.W.2d 173, a statement of facts not filed within ninety days after the date notice of appeal was given (1) or extension of said time by the trial court, and (2) not approved by the trial judge cannot be considered. Art. 759a, supra. In other cases we have considered statements of facts not so approved and filed, and have ordered reversals upon the grounds that an appellant has been deprived of a statement of facts, but only upon a satisfactory showing that the accused and his counsel have exercised diligence in the matter and that the failure to secure the proper approval and file the statement of facts in time has been due to no fault or negligence on their part. Couch v. State, 158 Tex.Cr.R. 292, 255 S.W.2d 223.

It is the duty of counsel for appellant to see that a statement of facts is properly filed in time and the accused is charged with the same duty. Salter v. State, Tex. Cr.App., 351 S.W.2d 885.

There is no showing that appellant or his counsel in the instant case has been deprived of a statement of facts which can be considered by this Court or that diligence has been used in an effort to secure a properly approved and timely filed statement of facts. Fleming v. State, 161 Tex.Cr.R. 519, 279 S.W.2d 340; Hagler v. State, 163 Tex. Cr.R. 63, 288 S.W.2d 789; Seales v. State, Tex.Cr.App., 311 S.W.2d 854.

In the absence of a statement of facts which may be considered, we cannot pass

J. M. Donald, Jacksboro, on appeal only, for appellant.

Doug Crouch, Dist. Atty., John A. Brady and Jack Ray, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is passing a forged instrument; the penalty, three years in the state penitentiary.

The record reflects that the trial was had on June 24, 1963, and a plea of nolo contendere entered. Notice of appeal was

**328**

upon the question of the sufficiency of the evidence nor upon appellant's informal bills included therein.

Appellant's contention that the judgment and sentence were "prepared" before the trial commenced is not borne out by the record.

Finding no reversible error, the judgment of the trial court is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

On original submission of this cause we did not consider the statement of facts appearing in the record because the same was not filed with the clerk of the trial court within ninety days after the date notice of appeal was given as required by Sec. 4 of Art. 759a, V.A.C.C.P.

■ By affidavit it is made known that both appellant's trial counsel and the Judge who presided at the trial, died pending the appeal. We have concluded that the late filing of the statement of facts was through no fault or laches on the part of appellant, and we therefore consider the same.

■ The conviction was upon the second count of an indictment alleging that appellant fraudulently passed a forged instrument in writing, to-wit, a check on the Citizens National Bank in the sum of $181.-52 payable to Toys and Sports Inc. or order, signed Charles J. Williams, Route #1, Azle, Texas, dated December 20, 1962 and bearing the stamp "Insufficient Funds."

The evidence reflects that appellant, using the name Charles J. Williams, acquired a drivers license and later, using the license for identification, opened a checking account in the Citizens National Bank of Weatherford, Texas. Subsequent to the opening of the account, appellant went to a store in Fort Worth known as Toys and Sports Inc., and purchased a custom made rifle, together with some shells and a gun case. In making the purchase appellant identified himself at the request of the store manager as Charles J. Williams, Route 1, Azle, Texas, again exhibiting the drivers license. The store manager, then accepted the check in the amount of $181.52, in payment for the items heretofore mentioned. The check in question, upon being forwarded to the Citizens National Bank of Weatherford, was by that bank not paid but was returned with the following notation marked thereon, "Returned by reason of insufficient funds."

It was shown that no person by the name of "Charles J. Williams" resided in the vicinity of Azle, Texas.

We are constrained to agree with appellant that the evidence presented is insufficient to support the jury's verdict.

■■ To constitute the offense of forgery, the instrument must purport to be the act of another. Art. 988 P.C. "Another," as used in said article, includes all other persons, real or fictitious, "except the person engaged in the forgery." The state's evidence shows that appellant drew the check upon an account he had himself opened under the name he signed to the check, identifying himself by an operators license he had applied for and received under said name.

Carnalan v. State, 110 Tex.Cr.R. 550, 9 S.W.2d 1034, contains the following language, "If the fictitious name is one which the accused is in the habit of using, and one by which he is known and does business, a conviction cannot be sustained." Also, " * * * Nor is it forgery when the offense is not the assumption of the name of a supposed third person, but the adopting of an alias or alternative name by the party charged."

The above rule fits squarely upon the fact situation in the instant case, as the appellant seems to have merely adopted an alias or alternative name, obtained a drivers license under it, opened a bank account and written checks, all under his adopted alias. Thus the act did not purport to be that of another.

Dunlap v. State, 169 Tex.Cr.R. 198, 332 S.W.2d 727, also supports our position with the following language, "An instrument signed in an assumed name and passed by the person signing it as his own act is not forgery in that it does not purport to be the act of another." By way of illustration, to show how the signing of a name by which the defendant was sometimes called, may sustain a forgery conviction, Dunlap cites Ware v. State, 124 Tex.Cr.R. 639, 65 S.W. 2d 310. In Ware, the accused falsely represented his name to be Perry Scott (the name signed to the checks) when in fact his name was Perry Scott Ware. The controlling factor in affirming the conviction in that case was the fact that there was no testimony showing that he had any kind of business relations or had been engaged in any commercial transaction under the name Perry Scott.

In the instant case appellant had engaged in business relations under the name affixed to the check, by obtaining a drivers license, opening a bank account and drawing checks, some good and others returned for insufficient funds. Thus Ware, supra, is distinguished from the case at bar.

It appears that appellant stands convicted for passing a forged instrument upon evidence showing the fraudulent giving of a check upon which was stamped insufficient funds.

Appellant's motion for rehearing is granted, the order of affirmance is set aside, and accordingly, the judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

It is only necessary to quote a portion of appellant's confession to illustrate the fallacy of my brethren's opinion herein. He stated the reason for using the name of Charles J. Williams in these words:

"The reason I got the license in this name, was because my wife Geneva

Smith and myself decided to set up a way to cash forged checks for our own personal gain. * * *"

"I asked the man if I could give him this check and he advised me that I could if I had the proper identification. * * * So I showed him the Charles J. Williams drivers license and he accepted the check."

Surely the concerted plan to enter into a program of forging checks could not meet the test of engaging in a business as is discussed by Judge Lattimore in Ware v. State, 124 Tex.Cr.R. 639, 65 S.W.2d 310.

This is a far stronger case than Dunlap v. State, 169 Tex.Cr.R. 198, 332 S.W.2d 727, in which I also dissented. I respectfully dissent to the reversal of this conviction.