**Gary DART, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48972.**

Court of Criminal Appeals of Texas.

Oct. 23, 1974.

Rehearing Denied Nov. 20, 1974.

---

Jerry J. Loftin, on appeal only, Fort Worth, for appellant.

· Bob Glasgow, Dist. Atty., Stephenville, Jim Vollers, State's Atty., and Larry Gist, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for burglary. Punishment was assessed at twelve (12) years.

Appellant's sole contention is that the court erred when it "denied a Statement of Facts for the purpose of appeal to the Appellant, Gary Dart. By denying a Statement of Facts to the Appellant, the trial court deprived the Appellant of the due process of law and the equal protection of the law to which he is entitled to under the United States and Texas Constitutions."

 Appellant is represented by retained counsel in the trial and on appeal. Appellant expressly denies that he is an indigent. Under Sec. 5 of Art. 40.09, Vernon's Ann.C.C.P., it was appellant's responsibility to obtain and pay for a transcription of the court reporter's notes [1] of the evidence adduced and furnish the same

1. In the Code of Criminal Procedure, Acts 1965, 59th Leg. (effective January 1, 1966), transcription of the court reporter's notes has replaced what was previously referred to as statement of facts.

to the clerk for inclusion in the record. Goodings v. State, Tex.Cr.App., 500 S.W. 2d 173; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601; Conerly v. State, Tex.Cr. App., 412 S.W.2d 909.

After appellant was sentenced and gave notice of appeal on April 30, 1973, counsel for appellant mailed to the District Clerk of Hood County a designation of material to be included in the record on June 20, 1973. This instrument was filed by the Clerk on June 22, 1973, and included a request for all testimony during trial.

At the hearing on appellant's objection to the record on November 1, 1973, appellant offered a copy of a letter from his counsel addressed to "Court Reporter, Hood County Courthouse, Granbury, Texas" requesting a statement of facts and asking that he be advised of the cost of same. The court reporter testified that he did not receive such a letter and was not aware that appellant desired a transcription of the testimony until appellant filed his objection to the record on October 23, 1973.

The record reflects that the District Clerk advised appellant of the completion of the record on October 10, 1973, and noted therein that "no Statement of Facts have been filed in this office as to date."

Appellant's objection to the record was directed to the failure of the record to include a transcription of the court reporter's notes, and after the hearing on such motion, the court entered findings that appellant failed to file a statement of facts within ninety days after giving notice of appeal, and that the court reporter never received a request for a transcription of the testimony during said period. The court further found as of November 1, 1973, "over six months after the giving of notice of appeal, no statement of facts has been filed in this cause by the defendant or his attorney," that no pauper's oath had been filed, and no one had paid the court reporter for preparing such statement of facts. In addition, the court found that the court reporter had at all times been willing to prepare a statement of facts upon request of appellant and payment of "his customary fee for such services." The court concluded that appellant "has not presented any evidence that would entitle him to a filing of such statement of facts after his 90 day period for filing same expired," and denied appellant "the right at this time to file such statement of facts for any purpose as a part of the appellate record of this case." The court ordered the record approved and forwarded to the Clerk of the Court of Criminal Appeals.

Appellant points to testimony at the hearing on his objection to the record that oral notice was given to the court reporter that he wanted a statement of facts at the conclusion of the trial, and that he sent a letter to the court reporter requesting same, as well as a copy of the notice to the Clerk of designation of material to be included in the record. As heretofore noted, the court reporter testified at the hearing that the first time he had knowledge of appellant's desire for a statement of facts was when appellant filed his objection to the record. Appellant urges that the trial court abused its discretion in approving the record and denying him a statement of facts for appeal.

■ Section 5 of Art. 40.09, V.A.C.C.P., entitled "Responsibility for obtaining transcription of reporter's notes," provides in pertinent part:

"A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record and defendant shall pay therefor."

It is clear and unambiguous from a reading of Sec. 5 of Art. 40.09, supra, that the burden is upon the party desiring a transcription of the court reporter's notes to not only obtain such, but to further see

that same is filed with the Clerk in time for inclusion in the record.

In Sartain v. State, 171 Tex.Cr.R. 192, 346 S.W.2d 337, this Court followed Ex Parte Denson, 165 Tex.Cr.R. 420, 307 S. W.2d 952, in holding:[2]

"It is incumbent upon the appellant to obtain the statement of facts, to have the same properly approved, and to follow it up to see that it is filed as required by law."

Section 3 of Art. 40.09, V.A.C.C.P., provides that, "The times herein provided for filing transcription of the notes of the reporter may be extended for good cause shown. . . ."

 At the conclusion of ninety days from notice of appeal, there is no showing that any request was made by appellant for extension of time for filing of the transcription of the court reporter's notes. Viewing the evidence from appellant's standpoint that he did give notice to the court reporter, there is no showing that he took any further action to discharge his responsibility "of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record." Sec. 5, Art. 40.09, supra; Sartain v. State, supra; Fleming v. State, 161 Tex.Cr.R. 519, 279 S.W.2d 340; Goodings v. State, supra; Taylor v. State, supra; Conerly v. State, supra. No further request was made about the cost of preparing the transcription, nor is there any evidence that appellant sent any money to the court reporter.

We conclude that the record shows a lack of diligence on the part of the appellant to file a transcription of the court reporter's notes within the time allowed by law. Ex parte Denson, supra; see Hilliard v. State, Tex.Cr.App., 401 S.W.2d 814.

In the absence of a transcription of the court reporter's notes which may be considered, nothing is presented for review.

The judgment of the trial court is affirmed.

(Opinion approved by the Court)

2. The forerunner of Sec. 5, Art. 40.09, supra, was Sec. 4 of Art. 759a, V.A.C.C.P., in effect at the time of the *Sartain* and *Denson* cases, which provided in pertinent part, "The de-fendant shall file said statement of facts in duplicate, with the clerk of the trial court, within ninety days after the date of giving notice of appeal . . . ."