**Alford YOUNG, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 50593.

Court of Criminal Appeals of Texas.

Nov. 19, 1975.

John T. White, Borger, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

---

1. The word "defendant" is used in the brief for appellant. In this Court, appellant is the

## OPINION

GREEN, Commissioner.

This is an appeal from a conviction of forgery, in which punishment was assessed at eight years.

The instrument alleged to have been forged reads as follows:

"Hempstead, Texas          March 25     1974
CITIZENS STATE BANK

"PAY TO THE
ORDER OF_____GIBSONS_____$52.24

"Fifty two dollars & twenty four cent _____DOLLARS

                    "S/  FLOYD DIXON
                    Univ. of Texas
                    Recruiting"

Hon. Jim Vollers, State's Attorney, has filed a brief for the State in which he concedes reversible error, and recommends reversal of the judgment. We have reviewed the record, the appellant's brief, and the State's Attorney's brief, and conclude that the facts are as stated in the State's brief, and that its application of the law to the facts is justified. Accordingly, we adopt said brief as the opinion of the Court and quote from it as follows:

"By appellant's grounds of error No. 1 and No. 5, it appears that he is aiming primarily at the sufficiency of the evidence to sustain this conviction. Since the thrust of these grounds of error is to test the sufficiency of the evidence, this matter should be discussed first.

"The State proved that the defendant[1] in this cause gave a check to an employee at Gibson's in the amount of $52.24 in payment for a watch. This transaction occurred on March 25, 1974. The employee, Mackelreef, identified the defendant as the man named Floyd Dixon who gave him the check on the occasion in question. The State further proved that the bank upon which the check was drawn had no account

proper designation for the party appealing from the conviction.

in the name of Floyd Dixon or Alford Young, Jr.

"The State then proved, through testimony of Alford Young, Sr., that the defendant was his son and that he was known also as Floyd Dixon. Furthermore, the defendant had a social security number as Floyd Dixon. On cross-examination, it was established that the defendant had been using the name of Floyd Dixon since he was 16 years of age, and he was at the time of trial. Furthermore, it was proved that he had a driver's license in the name of Floyd Dixon and that the address which he gave at 2201 Timber Drive in Dickinson was the permanent address he used because he traveled quite a bit. Defendant's Exhibit 2 was introduced which showed that he had an identification card dated December 9, 1968, in the name of Floyd Dixon. It was established that he was involved in some degree in the entertainment field.

"It was established that the defendant exhibited the driver's license in question when the purchase was made. After the State rested, the defendant presented a witness, Percy Carter, who testified that he had known the defendant by the name of Floyd Dixon for about ten years and that the defendant, under this name, had played in a band at his place of business and had attempted to book other acts with him. Defendant's Exhibit No. 3 was introduced which showed a business card used by the defendant under the name of Floyd 'Al' Dixon.

"The only question that is raised by these facts is whether or not when the defendant signed the check in question as Floyd Dixon, University of Texas Recruiting, he committed the act of forgery. It appears to be very clear that Section 32.21, P.C.[2] defines forgery as follows:

" '(a) For purposes of this section:

(1) "Forge" means:

(A) to alter, make, complete, execute, or authenticate any writing so that it purports:

(i) to be the act of another who did not authorize that act; * * * * '

■ "From this definition it appears to be readily apparent that the act in question, in addition to being with the intent to defraud, must purport to be the act of another who did not authorize that act. As was pointed out in *Dunlap v. State*, [169 Tex. Cr.R. 198], 332 S.W.2d 727,

" 'An instrument signed in an assumed name and passed by the person signing it as his own act is not forgery in that it does not purport to be the act of another.'

■ "In that case it was further pointed out that to sustain the allegations of the indictment it was necessary for the State to prove beyond a reasonable doubt, not only that the check was made with the intent to injure and defraud, but that it purported to be the act of one Elmer Brooks, another and different person than the person who signed it, or of a fictitious Elmer Brooks. The Court went on to find that the evidence was insufficient to sustain a finding that the signing of the check purported to be the act of an Elmer Brooks other than appellant. That case further recognized that it was pointed out in *Ware v. State*, [124 Tex.Cr.R. 639], 65 S.W.2d 310, that under certain circumstances a person could be guilty of forging his own name when it purported to be the act of another person. However, it appears that the evidence in this case only shows that the defendant was using a name which he had frequently used for many years; he used his own driver's license for identification, and he apparently gave a home address which was his permanent home address. Although it was proven that no account existed at the bank upon which the check was drawn and that he was not employed by the University of Texas,[3]

2. V.T.C.A., Penal Code effective January 1, 1974.

3. The proof showed only that he was not employed by the Austin branch of the University of Texas. It was established that there are eleven branches of the University of Texas system.

these items of evidence merely show his intent to defraud and certainly do not show that he was in fact some person other than the person he purported to be. The fact that he stated that he was in effect working for or was an agent for the University of Texas would merely indicate a misstatement of fact which would lend credence to his reliability and financial responsibility so that the check would be accepted. There is no suggestion in this record that he was in fact holding himself out to be a person other than who he was."

See also *Smith v. State*, 435 S.W.2d 526 (Tex.Cr.App.1969); *Smith v. State*, 379 S.W.2d 326 (Tex.Cr.App.1964); *Carnahan v. State*, 110 Tex.Cr.R. 550, 9 S.W.2d 1034.

For the reasons stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, J., not participating.