Roy Cornelius MAULDIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 60620.

Court of Criminal Appeals of Texas, Panel No. 3.

March 10, 1982.

W. John Allison, Jr., on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty. and Steve Wilensky & Mike Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

Appellant was convicted of burglary of a building. Punishment was assessed by the jury at twenty years.

Although the facts are not in dispute, a brief recitation is needed. During the early morning hours of February 23, 1978, Horace West, warehouse supervisor for Bosco Fastening Service Center located in Dallas, received a call from the Smith Protection Agency. As a result of the call, West arrived at the warehouse at about 4:30 a. m. and saw the building surrounded by police. After he parked his car, he saw appellant being brought out of the building in the custody of police. Upon entering the building, West observed papers scattered about and a number of calculators, a radio, and other office equipment removed from their usual places and stacked upon desks and chairs.

Wallace Jones, a security patrol officer for Smith Protection Agency, testified that on the night of February 22, 1978, he had checked the warehouse at 8:45 p. m. and again at about 11:30 p. m., and all doors were closed and locked. When he checked the building again about 4:00 a. m. on the morning of February 23, 1978, he noticed one of the doors was partially opened and that there were pry marks on the door which had not been there previously. Upon entering the building through this open door, Jones noticed a lot of material on the floor and radioed for assistance.

Officer D. C. Sanchez, a Dallas police officer who responded to the burglary call, testified that following his arrival at the scene and while keeping the building under surveillance, he observed appellant attempt to leave the building through a back door, but that appellant saw him and returned into the building. Officer Allen Thompson, also of the Dallas Police Department, testified that he entered the building with a police dog, discovered appellant on top of a tier of shelves, and arrested appellant.

In his first ground of error, appellant contends that the evidence is insufficient to

show that Don Sustaire was the owner of the building as alleged in the indictment. At trial, Don Sustaire testified that he was employed at Bosco Fastening Service Center. After identifying the building which had been burglarized, and testifying that the entry had been made on February 23rd without his effective consent, the following occurred:

"Q. (By Prosecutor) ... And for the record, by virtue of your position, you are the owner of that building, are you not?

"A. (By Mr. Sustaire) Yes, sir."

▮ Appellant contends that since there is no evidence in the record to show that Sustaire had the care, custody, control and management of the building, the evidence is insufficient to show he was in fact the owner. In light of the testimony of Sustaire that he was the owner of the building, and in the absence of any evidence to the contrary, we hold the evidence sufficient to support the indictment.

▮ In his second ground of error, appellant contends that the evidence is insufficient to sustain the conviction because there was no proof of intent to commit theft. In a prosecution for burglary, the intent to commit theft may be inferred from the circumstances. *Simmons v. State*, 590 S.W.2d 137 (Tex.Cr.App.1979). Further, an entry made without consent in the nighttime is presumed to have been made with intent to commit theft. *Moss v. State*, 574 S.W.2d 542 (Tex.Cr.App.1978); *Solis v. State*, 589 S.W.2d 444 (Tex.Cr.App.1979). Appellant's entry into the building having been made in the nighttime without the consent of the owner is sufficient to show an intent to commit theft. His second ground of error is overruled.

Appellant next contends that the prosecutor's argument that the law presumed an intent to steal under these circumstances was error. The argument complained of is as follows:

"(By Prosecutor): Now, using your common sense I would suggest to you that if that is all the evidence you have— and remember the presumption I told you

about? The presumption of the intent to steal, the intent to commit theft? Now, it—if you think about it you know why we have that presumption, because. good old common sense and reasonableness tells us that when you find somebody in a building that has been locked at 12:00 at night, with nobody around, that is dark and secluded, and has been forced into, and you find somebody inside, that he is presumed to be committing theft.

"(By Defense Counsel): Objection, Your Honor, that is an inaccurate statement of presumption and as the Court has already stated, the Court's charge will instruct the Jury as to the law and that is certainly not in the Court's instructions and I object to him arguing it, it is improper argument.

"(The Court): Overruled.

"(By Defense Counsel): Note our exception.

"(By Prosecutor): You don't charge on presumption but all I'm saying is that if you use your common sense there should be no doubt in your mind about why we have that and what was going on and what this man's intent was..."

▮ Based on the argument, we cannot conclude that the prosecutor was in fact telling the jury that the presumption was in fact the law. Under the facts and circumstances of this case, the argument was a reasonable deduction from the evidence and was within the bounds of permissible jury argument. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973). Even if it could be construed that the argument amounted to a positive assertion that such was the law, it is not error.

▮ As noted in *Singleton v. State*, 479 S.W.2d 672 (Tex.Cr.App.1952);

"Error in argument does not lie in going beyond the court's charge, but lies in stating law contrary to the same."

We find nothing contrary to the law or the charge in the argument set forth above. See Crump, *The Function and Limits of Prosecution Jury Argument*, 28 S.W.L.J. 505 (1974); *Hill v. State*, 518 S.W.2d 810 (Tex.Cr.App.1975).

Appellant, in ground of error number four, contends that the trial court erred in giving an abstract charge on the law of parties. However, in applying the law to the facts, the court omitted any reference to the law of parties. Appellant timely objected to the inclusion of the abstract instruction on the ground that such was not supported by the evidence. Notwithstanding the abstract instruction, the court's charge specifically required the jury to find that appellant's guilt be based solely on his own behavior. *Stein v. State*, 514 S.W.2d 927 (Tex.Cr.App.1974); *Hannon v. State*, 475 S.W.2d 800 (Tex.Cr.App.1972). No reversible error has been shown.

In his final ground of error, appellant contends that the trial court erred in overruling his request for an instruction on the law of circumstantial evidence. Under the facts set forth previously in this opinion, it is clear that no such charge was required. In a burglary prosecution, where the only element to be proven circumstantially is that of intent, no charge on circumstantial evidence is required. *Stearn v. State*, 571 S.W.2d 177 (Tex.Cr.App.1978).

There being no reversible error, the judgment is affirmed.