**Roberto Bernal LUCAS, a/k/a Roberto Rafael Torres, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–047–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 11, 1986.

Charles Willette, Jr., Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a conviction of burglary of a habitation with intent to commit theft for which appellant was sentenced to twenty years' confinement in the Texas Department of Corrections.

In his sole ground of error appellant alleges there was no evidence or insufficient evidence to prove his intent to commit theft and, thus, to sustain his conviction. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

The testimony at trial revealed that on September 12, 1985, at about four o'clock in the morning, Vincente Cruz awoke when he heard a noise in the house. He walked into the kitchen and discovered a screen missing from one of the windows. Realizing that someone may have entered his house, Mr. Cruz got a knife from the kitchen and proceeded to search the house. When he opened the door to the bedroom occupied by his mother and sister, he ob-

served appellant under his mother's bed. Mr. Cruz believed appellant was reaching for his mother's purse. Mr. Cruz restrained appellant until the police arrived and arrested him. Mr. Cruz testified that he knew appellant, that appellant appeared to be intoxicated, and that he had not given appellant permission to enter the house.

At the scene, appellant told Mr. Cruz that he was just trying to find a place to sleep. At trial, appellant testified that he had been looking for a place to hide from the police because he was intoxicated and on probation.

█ In a prosecution for burglary the intent to commit theft may be inferred from the circumstances. *Mauldin v. State,* 628 S.W.2d 793, 795 (Tex.Crim.App. 1982). Further, it is well established that the act of breaking and entering a house at night without the owner's consent raises the presumption that the act was done with the intent to commit theft. *Mauldin v. State,* 628 S.W.2d at 795.

█ After reviewing all the evidence in the light most favorable to the jury's verdict, we find the evidence sufficient to establish appellant's intent to commit theft.

Appellant's sole ground of error is overruled. The judgment of the trial court is AFFIRMED.