**Hunter Lee CARRUTH, Appellant,**

v.

**STATE of Texas, State.**

**Carolyn Louis WHITE a/k/a Carolyn White Goodspeed, Appellant,**

v.

**STATE of Texas, State.**

**Nos. 2–87–161–CR, 2–87–162–CR.**

Court of Appeals of Texas, Fort Worth.

Dec. 22, 1988.

Pamela Moore, Fort Worth, for appellants.

Chris Marshall, Asst. Dist. Atty., Fort Worth, for State.

Before HILL, KELTNER and HUGHES (Retired, Sitting by Assignment), JJ.

## OPINION

HILL, Justice.

Hunter Lee Carruth and Carolyn White Goodspeed appeal their convictions by a jury of the offense of forgery by passing a check. The trial court found enhancement allegations true as to each and assessed

Carruth's punishment at twenty years in the Texas Department of Corrections and Goodspeed's punishment at sixteen years in the Texas Department of Corrections. Goodspeed presents thirteen points of error and Carruth presents fourteen points of error. Generally, the points of error of both parties coincide.

The appellants contend in points of error numbers one, two, and three, that the evidence is insufficient to support the jury's verdict, and the trial court erred in denying their motions for instructed verdict and new trial, both of which were based on insufficient evidence. After viewing the evidence in the light most favorable to the verdict, we shall determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

In November 1985, Goodspeed opened an account with a Fort Worth bank under the name of Rose Kathleen Muriel. When she opened the account, she showed the bank employee a driver's license in the name of Rose Kathleen Muriel. The license showed a date of birth of January 6, 1960. Goodspeed originally gave her address as 2821 Avenue J in Fort Worth.

On January 3, 1986, the appellants approached the cashier at a Fort Worth boot store to purchase two pairs of boots. Goodspeed wrote out a check in the amount of $399.39 to pay for the boots. When she was asked for a driver's license, Goodspeed produced a temporary license in the name of Rose K. Muriel. After store employees became suspicious of the license, Goodspeed told the store security guard, Officer Bell, that Carruth was her boss and could verify who she was. Carruth told the officer that Goodspeed was who she said she was and she did work for him. When Goodspeed gave the wrong date of birth to Officer Bell, he called for a unit from the Hurst Police Department. When Goodspeed heard this, she walked over to Carruth, said something to him, then turned and ran out of the store. Officer Bell, who

was also an off-duty Hurst police officer, pursued Goodspeed and arrested her.

After Goodspeed was arrested, Carruth approached Officer Bell and told him that he did not know Goodspeed was "going to do this." Officer Bell looked in Carruth's pickup truck, with his permission. The officer found a temporary driver's license under the dashboard. The information on the license had been "whited out," but the number on the license Goodspeed had presented to the cashier and the number on the "whited-out" license were the same. The number was registered to Carruth.

Rose Kathleen Muriel testified she did not open the account in question. She said she had lost her driver's license in 1986, her birthdate was the same as was on the license, and her driver's license number was the same as the number on the license used by Goodspeed when she opened the account under the name of Rose K. Muriel.

The appellants contend the evidence shows theft, but not forgery, because the action taken by Goodspeed did not purport to be the act of another. This contention is based on the fact that the check written by Goodspeed was written on an account she had opened, albeit under the name of Rose K. Muriel. We find Goodspeed's action purported to be that of another, Rose K. Muriel.

In support of their argument, the appellants rely on *Dunlap v. State,* 169 Tex. Crim. 198, 332 S.W.2d 727 (1960) and *Smith v. State,* 379 S.W.2d 326 (Tex.Crim. App.1964). We find both of these cases to be distinguishable. In *Dunlap,* there was no showing that the false name used by the defendant in signing and passing the check in question was actually that of another whose act it could have purported to be. In this case, Goodspeed's act purported to be that of Rose K. Muriel, a real person. The same distinction is applicable in *Smith.* In that case, the defendant adopted a fictitious name as his own, opened an account under that name, and passed a check under that name. The evidence reflected there was no other person in the area other than the defendant that used the name. In this case, the name used by Goodspeed was

that of an actual person, whose act the passing of the check purported to be. We overrule points of error numbers one, two, and three.

In points of error numbers four, five, six, seven, eight, nine, and ten, the appellants complain of the introduction of extraneous offenses of forgery and theft. Hunter Carruth testified at trial that the name Rose K. Muriel was a name he and Goodspeed had made up, and he had urged her to use an alias because his estranged wife was forging checks on his account. On cross-examination, Carruth denied using the alias "John Tutton" to a Mrs. Gina Hart. Subsequently, Gina Hart, co-owner of Satellite Systems of Fort Worth, testified Carruth and Goodspeed came to her place of business in December 1985. She said that she left Carruth in her office while she went outside to tell Goodspeed about what she and Carruth had spoken about. She related that on a later date she received a phone call from a Hurst detective that they had recovered her stolen checks. She had not previously known the checks had been stolen. She identified checks recovered from Carruth as hers. She testified Carruth had given her the name of John Tutton on the occasion in question.

The second alleged extraneous offense involved another check transaction.

After Carruth testified he did not remember making a purchase at Lee's Western Wear in Joshua, David Eugene Lee, the owner, testified Carruth and Goodspeed had purchased items in his store with a check bearing the name of Rose K. Muriel. The check was returned and had never been paid.

Finally the appellants complain the bank statement for the account which Goodspeed had opened under the name of Rose K. Muriel was admitted into evidence. The statement reflected several "NSF" charges.

■ Generally speaking, an accused is entitled to be tried on the accusation made in the State's pleading and not for some collateral crime or for being a criminal generally. *Albrecht v. State*, 486 S.W.2d 97, 101 (Tex.Crim.App.1972). However, the test for determining the admissibility of any type of evidence that is relevant to a material issue in the case is whether the probative value of such evidence outweighs its inflammatory aspects. *Id.* at 99; *See also Morgan v. State*, 692 S.W.2d 877, 879 (Tex.Crim.App.1985). In their briefs, the appellants acknowledge that extraneous offenses may be admissible to rebut a defensive theory. In this case the evidence was admissible to rebut the defensive theory that there was no intent to defraud anyone by the forgery, but it was just done to prevent access to Carruth's funds by his ex-wife. *See Albrecht*, 486 S.W.2d at 101. We overrule points of error numbers four, five, six, seven, eight, nine, and ten.

■ Goodspeed urges in points of error numbers eleven, twelve, and thirteen, the trial court erred in denying a special charge regarding the law of parties, in overruling objection to the court's charge relating to the law of parties, and in not applying the law of parties to the facts. Carruth presents the same points in his points of error numbers twelve, thirteen, and fourteen. The basis of these three points of error is the appellant's complaint of the trial court's failure to instruct the jury that a conviction as a party requires proof beyond a reasonable doubt of the same culpable mental state as that of the primary actor. With respect to Goodspeed, any error in failing to apply the law of parties to the facts was harmless beyond a reasonable doubt since the evidence was sufficient to support her conviction as a primary actor. *See Bowers v. State*, 570 S.W.2d 929, 931 (Tex.Crim.App.1978). With respect to Carruth, we find the trial court did not err in failing to give the requested instruction because the instruction which he sought did not properly set forth the intent which the jury must find in order to find him guilty as a party. Texas Penal Code Annotated section 7.02(a)(2) (Vernon 1974), requires that for an actor to be guilty as a party he must have the intent to promote or assist the commission of the offense. This intent was included in the abstract portion of the charge which set forth when a person is criminally re-

sponsible for the act of another. Neither of the appellants objected as such to the failure of the trial court to apply the law of parties to the facts. We must therefore determine whether the error of the trial court in failing to apply the law of parties to the facts was so egregious that Carruth has not had a fair and impartial trial. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g); TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). We find that in view of the court's charge correctly setting forth the proper elements of intent and burden of proof required to establish Carruth's guilt as a party that no egregious harm has been shown. We overrule Goodspeed's points of error numbers eleven, twelve, and thirteen, and Carruth's points of error numbers twelve, thirteen, and fourteen.

■ Carruth urges in his point of error number eleven the evidence is insufficient to support his conviction. As we understand the point, Carruth does not contend the evidence is insufficient to support his conviction as a party to the offense, only that it does not support his guilt as a primary actor. In considering the sufficiency of the evidence to support a conviction, when the law of parties is set forth in the abstract portion of the charge, but not in the application portion of the charge, the evidence is sufficient if it establishes one's guilt as a party. *See Romo v. State,* 568 S.W.2d 298, 304 (Tex.Crim.App.1977) (opinion on State's motion for reh'g); *Jackson v. State,* 705 S.W.2d 227, 230 (Tex.App.—Dallas 1986, pet.ref'd).

■ Carruth relies on the case of *Mauldin v. State,* 628 S.W.2d 793 (Tex.Crim.App. [Panel Op.] 1982). In that case the court gave the jury an abstract instruction on the law of parties but failed to include the law of parties in the application portion of the charge. *Id.* at 796. Mauldin objected to the abstract instruction on the law of parties on the ground there was insufficient evidence to support such a charge. The opinion does not state whether Mauldin objected to the failure of the application paragraph to apply the law of parties to the facts of the case. The Court

of Criminal Appeals held that no reversible error was shown since there was no paragraph applying the law of parties to the facts, so that the charge required the jury to find that defendant was guilty based solely on his own behavior. *Id.* Although it is true that a charge without an application paragraph concerning the law of parties by its terms requires the jury to find the defendant guilty solely based on his own behavior, once the jury has found the defendant guilty based on such a charge the sufficiency of the evidence is determined by reference to the entire charge, including the abstract instruction with respect to the law of parties. *Compare Mauldin, id.,* with *Romo,* 568 S.W.2d at 299. We agree with Carruth's contention that these two principles are perhaps in conflict. We note *Mauldin* is a panel opinion, whereas *Romo* appears to have been an opinion of the full court. We believe that if indeed the *Romo* opinion is inconsistent with that of *Mauldin,* the *Romo* opinion is the more persuasive and we choose to follow that opinion. We overrule Carruth's point of error number eleven.

The judgments are affirmed.